FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT WORTH DIVISION

2007 JAN 24 PM 2: 43

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE MERCED, PRESIDENT, <br> TEMPLO YORUBA OMO <br> ORISHA TEXAS, INC. <br>     Plaintiff <br><br> vs. <br><br> KURT KASSON, MIKE COLLINS, <br> BOB FREEMAN, and THE CITY <br> OF EULESS <br>     Defendants | § § § § § § § § § § § § | Civil Action No. 4-06CV-891-A |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM;
MOTION TO ABATE;
ORIGINAL ANSWER OF DEFENDANTS,
KURT KASSON, MIKE COLLINS, BOB FREEMAN
and THE CITY OF EULESS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Defendants KURT KASSON, MIKE COLLINS, BOB FREEMAN and THE CITY OF EULESS, (Defendants"), and in response to Plaintiff's Complaint, file this Motion to Dismiss for Failure to State a Claim; Motion to Abate; Original Answer and Defendants would respectfully show as follows:

<u>**Motion to Dismiss for Failure to State a Claim
(Ripeness; Decline Supplemental Jurisdiction)--**</u>
**Texas Religious Freedom Act**

1.    Plaintiff sues under Texas Civil Practice and Remedies Code, Chapter 110, also known as the Texas Religious Freedom Act. TEX. CIV. PRAC. & REM. CODE ANN. §110.006 provides that

an action shall not be asserted under the Act unless written notice has been given to the government agency at least sixty (60) days before bringing the action. That section further provides for time for a remedy to be fashioned by the governmental entity to remedy the claim. Plaintiff does not plead, and cannot prove, that he provided the required statutory notice to the City of Euless. Therefore, that portion of Plaintiff's claim that rests upon the Texas Religious Freedom Act is premature and not ripe, and this Court lacks jurisdiction over it.

2. Plaintiff's claims under the Texas Religious Freedom Act should be dismissed under 28 U.S.C. 1367 (c) (1, 3, 4).

### Motion to Dismiss for Failure to State a Claim (Capacity; Immunity) -- Individual Defendants

3. A suit against a public official in his or her "official capacity" is, in reality, a suit against the municipality or governmental entity the official represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997). Plaintiff sues the individual Defendant Kasson, Collins and Freeman only in their official capacities. Plaintiff's claims should actually be asserted against the City and the attempted claims against the individual Defendants in their respective official capacities should be dismissed. Alternatively, the individual Defendants are entitled to and hereby assert sovereign immunity against the Plaintiff's constitutional claims.

4. Defendants Kasson, Collins and Freeman, and each of them, acted in good faith and with a reasonable belief that their actions were in compliance with the Constitution and Laws of the United States and the State of Texas. Furthermore, none of the individual Defendants' actions relevant to this lawsuit violated any clearly established statutory or constitutional rights of which a reasonable

person would have known. Defendants Kasson, Collins and Freeman, therefore, assert their entitlement to qualified, good faith immunity from Plaintiff's claims.

5. A party seeking damages from an official asserting qualified immunity bears the burden of overcoming the defense. *Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994); *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1994). The Supreme Court and the Fifth Circuit have repeatedly admonished district courts that qualified immunity is an immunity from suit rather than a mere defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Salas*, 980 F.2d at 305.

6. The Fifth Circuit's analytical framework for qualified immunity consists of a well established, two-step analysis: (1) whether the official violated a clearly established constitutional right; and if he did (2) whether his conduct was objectively reasonable. *Lukan v. N. Forest I.S.D.*, 183 F.3d 342, 345-46 (5th Cir. 1999). If it is determined that the official's conduct was unconstitutional, then the Court must decide whether the conduct was nonetheless "objectively reasonable." *Eugene v. Alief*, 65 F.3d 1299, 1305 (5th Cir. 1995). "Objective reasonableness is a matter of law for the courts to decide, not a matter for the jury." *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). A prerequisite to the qualified immunity analysis, however, is that Plaintiff must show the violation of a clearly established right, and must allege and show facts to support every element of his federal claims. *Martinez v. Tex. Dept. of Crim. Justice*, 300 F.3d 567 (5th Cir. 2002). Plaintiff has failed to do so here.

7. Individual defendants are immune "if an objectively reasonable view of the facts might lead an official not to realize that he was violating the law." *Warnock v. Pecos Cty.*, 116 F.3d 776, 782 (5th Cir. 1997). A defendant is entitled to dismissal based on qualified immunity at any stage of the proceedings, if the facts as developed revealed that the defendant acted reasonably. *Enlow v.*

*Tishomingo Cty.*, 962 F.2d 501, 513 (5th Cir. 1992). For executive officers in general, qualified immunity is the norm. *Brady v. Fort Bend Cty*., 58 F.3d 173, 174 (5th Cir. 1995). Plaintiff's conclusory allegations and subjective interpretation of the conduct of the individual Defendants are insufficient to state a claim upon which relief can be granted. "[A plaintiff] cannot prevail [over the defense of qualified immunity] with mere conclusory statements evidencing only a personal belief that the defendants were motivated by an impermissible animus." *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir.) cert.denied, 512 U.S. 1207 (1994). As a matter of law, the individual Defendants Kurt Kasson, Mike Collins and Bob Freeman are entitled to qualified immunity from suit as to Plaintiff's constitutional claims.

8. To prevail against an individual Defendant, Plaintiff must show that the individual's act, or failure to act, either caused or was the moving force in causing Plaintiff harm. *Vela v. White*, 703 F.2d 147, 153 (5th Cir. 1983). Plaintiff has not alleged how any of the individual Defendants were "personally involved" in the alleged violations or "affirmatively adopted policies which were wrongful or illegal." *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980); *Vela*, 703 F.2d at 153. The individual Defendants were at all times relevant to this lawsuit merely an instrumentality of the City, and required to perform their respective duties under the direction and at the behest of the City.

9. A plaintiff is not required to "fully anticipate the [qualified immunity] defense in his complaint at the risk of dismissal under Rule 12." *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995). However, under Federal Rule of Civil Procedure 8(a)(2), the plaintiff must plead a cause of action consisting of a "short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). This statement must rest "on more than conclusions alone."

*Schultea*, 47 F.3d at 1433; *see also Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2004) ("Heightened pleading in qualified immunity cases requires that Plaintiff rest his complaint on more than conclusions alone and plead their case with precision and factual specificity."). The district courts are equipped with "an array of procedures that will carry the load as far as pleadings can." *Schultea*, 47 F.3d at 1433. In response to a defense of qualified immunity, "the court may, in its discretion, insist that a plaintiff file a [Rule 7] reply tailored to an answer pleading the defense of qualified immunity." *Id.* At 1433-34; *see also Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Defeating a defendant's defense under "the immunity doctrine will ordinarily require such a reply," and is properly ordered "when greater detail might assist." *Schultea*, 47 F.3d at 1434.

10. As noted, to determine whether an official is entitled to qualified immunity, a court must first determine whether the plaintiff's allegations make out a violation of a constitutional right. If such a right is shown, the court must determine if the right was clearly established at the time of the events in question. Whether a right is clearly established depends on "the specific context of the case, not as a broad general proposition." *Id.* The relevant inquiry is whether it would be clear to a reasonable official that his actions were unlawful in the particular situation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Even if the official's conduct violated a clearly established constitutional right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable. *See Lukan v. N.Forest Indep. Sch. Dist.*, at 346.

11. The individual Defendants are entitled to official immunity recognized under Texas common law. Official immunity is a common law doctrine recognized by Texas state courts for over fifty years. *Ballantyne v. Champion Builders*, 144 S.W.3d 417, 422-23 (Tex. 2004). Official immunity has a strong public policy goal that seeks to eliminate the injustice to an official who has been

subjected to suit simply because he or she has performed his or her duties. The test is whether the official (1) was acting within the scope of their authority, (2) in performing their discretionary duties, and (3) in good faith. See *Ballantyne* at 424. Plaintiff pleads no facts to show that any of the individual Defendants were not acting in good faith.

## MOTION TO ABATE

12. TEX. CIV. PRAC. & REM. CODE ANN. § 37.006 (b) provides, in pertinent part, that if a state statute or city ordinance is alleged to be unconstitutional, the complaining party must serve the Texas Attorney General with notice of suit and the Texas Attorney General is entitled to be heard in the matter. TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(b). Although Plaintiff appears to have alleged that an ordinance or ordinances of the City of Euless, and Texas statutes proscribing animal cruelty, are violative of the First Amendment to the United States Constitution, the Plaintiff has not served the Texas Attorney General with notice. Although Plaintiff need not join the Texas Attorney General, notice of suit is mandatory, and in the event the Texas Attorney General wishes to intervene, such intervention may not be denied. *Moore v. Morales*, 63 F.3d 358, 360-61(5th Cir. 1995). Plaintiff's failure to comply with state law requires abatement of the proceeding until he complies and provides proper notice to the Texas Attorney General. *Id.*

## RLUIPA IS UNCONSTITUTIONAL

13. Section (a) of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc, directly regulates a traditional arena of local control, in derogation of constitutionally reserved states' rights.

14. Section (a)(2)(c) of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc, is not a proper exercise of Congress's power under Section V of the Fourteenth

Amendment.

15. Section (a)(2)(B) of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc, is not a proper exercise of Congress's power under the Commerce Clause.

16. The Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc, violates the Establishment Clause.

## ADMISSIONS AND DENIALS

17. Subject to and without waiving the following defenses, Defendants deny each and every allegation contained in Plaintiff's Complaint pursuant to FED. R. CIV. P. 8 (b), except those expressly admitted herein. Defendants respond to the corresponding paragraphs of the Complaint as follows:

## JURISDICTION

Complaint Paragraph No. 1.

Insofar as a Rule 8 response is necessary, Defendants acknowledge the Plaintiff has brought this action against Defendants under 42 U.S.C. §2000cc, Chapter 110, Texas Civil Practice and Remedies Code, and the First Amendment to the United States Constitution. Defendants also acknowledge that jurisdiction exists in this Court under the aforementioned statutory and Constitutional provisions; and that a pendant claim is brought under the Texas Religious Freedom Act.

## PARTIES

Complaint Paragraph No. 2.

Defendants admit the material allegations of paragraph 2.

Complaint Paragraph No. 3.

Defendants admit the material allegations of paragraph 3.

Complaint Paragraph No. 4.

Defendants admit the material allegations of paragraph 4.

Complaint Paragraph No. 5.

Defendants admit the material allegations of paragraph 5.

Complaint Paragraph No. 6.

Defendants admit the material allegations of paragraph 6.

## CAUSE OF ACTION

Complaint Paragraph No. 7.

Defendants admit that an officer of the Euless Police Department was sent to 203 Ironbridge, Euless, Texas to advise Plaintiff that the proposed religious ceremony scheduled for May 5, 2006 should be cancelled pending Plaintiff's discussion with City officials. Any other material allegation contained in this paragraph is denied.

Complaint Paragraph No. 8.

Despite reasonable and diligent inquiry, Defendants are unable to admit or deny whether Ventura Santana is from Puerto Rico or a priest. Defendants admit the remaining material allegations contained in paragraph 8.

Complaint Paragraph No. 9.

Defendants admit that Defendants' actions were taken under their authority as City officials. This allegation is an admission by Plaintiff that the Individual Defendants should be dismissed as parties in this case.

Complaint Paragraph No. 10.

Defendants deny the material allegations contained in paragraph 10.

Complaint Paragraph No. 11.

Despite reasonable and diligent inquiry, Defendants can neither admit nor deny the material allegations contained in paragraph 11. Further, Defendants say that for a unit of local government to base official policy or action upon knowledge of such religious practice would necessarily invite violation of the Establishment Clause.

Complaint Paragraph No. 12.

Defendants deny the material allegations contained in paragraph 12.

Complaint Paragraph No. 13.

Defendants deny the material allegations contained in paragraph 13. Further, as previously set forth, the Religious Land Use and Institutionalized Persons Act is unconstitutional in the land-use context.

Complaint Paragraph No. 14.

Defendants deny the material allegations contained in paragraph 14. Further, as set forth in the preceding Motion to Dismiss, this Court lacks jurisdiction over the claim alleged under the Texas Religious Freedom Act.

Complaint Paragraph No. 15.

Defendants admit that officers of the Euless Police Department had occasion in the past to visit 203 Ironbridge, Euless, Texas in connection with violations of City ordinances and Texas statutes.

Complaint Paragraph No. 16.

Defendants deny the material allegations contained in paragraph 16.

Complaint Paragraph No. 17.

Defendants deny the material allegations contained in paragraph 17.

Complaint Paragraph No. 18.

Defendants deny the material allegations of paragraph 18. Further, as set forth in the preceding Motion to Dismiss, a suit against a public official in his or her "official capacity" is, in reality, a suit against the municipality or governmental entity the official represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997). The individual Defendants and the City of Euless are one and the same. A defendant simply cannot employ or associate with itself. See *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993) citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496,(1985). It is fundamental that a party cannot conspire with itself.

## REMEDY SOUGHT

Complaint Paragraph No. 19

Insofar as a Rule 8 response is necessary, Defendants deny that the Plaintiff is entitled to any of the relief contained in this paragraph.

## DEFENSES

18.     Defendants assert that Plaintiff's allegations and other factual contentions against Defendants lack legal and evidentiary support.

19.     Plaintiff cannot establish a deprivation of constitutional or other federally-protected rights as a result of some official policy, practice or custom of the City.

20.     Any burden on religious exercise related to City of Euless ordinances and enforcement policies and Texas statutes, which Defendants deny, is the incidental effect of neutral and generally applicable and otherwise valid laws which do not impermissibly burden the free exercise of religion.

21.     The City of Euless ordinances and enforcement policies are valid and enforceable under the test announced by the United States Supreme Court in *Employment Division v. Smith*, 494 U.S. 872 (1990).

22.     The ordinances of the City of Euless are content neutral, narrowly-tailored to serve legitimate government objectives and leave open ample channels of alternative communication for religious institutions, and any incidental regulation of speech or assembly is motivated by promotion of harmonious and efficient land use, as well as the protection of the health, safety and welfare of the public.

23.     Any burdens on religious exercise by City of Euless ordinances, if any, are incidental and insubstantial and do not interfere with any important religious tenets or compel any persons to perform acts at odds with fundamental tenets of their religious beliefs.

24.     There is a substantial government interest in regulating the use of land within the City and its extraterritorial jurisdiction and the City of Euless ordinances promote that interest which would be achieved less effectively absent the ordinances.

25.     The City of Euless ordinances and enforcement policies and the applications thereof referenced in Plaintiff's Complaint are rationally related to the City's legitimate interest in protecting the health, safety and welfare of the public.

26.     Religious land uses and assemblies are not unreasonably limited or excluded from the jurisdiction.

27. Defendants, and each of them, acted without deliberate indifference, callous indifference, recklessness or any other intent, either general or specific, necessary to give rise to a claim of restriction of Plaintiff's religious liberty.

28. Defendants, and each of them, acted in good faith and with a reasonable belief that their actions were in compliance with the Constitution and Laws of the United States and the State of Texas. Furthermore, none of the Defendants' actions relevant to this lawsuit violated any clearly established statutory or constitutional rights of which a reasonable person would have known.

29. Defendants' actions relevant to this lawsuit were taken in good faith and within the course and scope of their authority and discretionary capacity. The individual Defendants therefore, assert entitlement to official immunity from Plaintiff's claims. When official immunity shields a government official from liability, sovereign immunity shields the governmental entity from vicarious liability.

30. Defendants are immune from liability for claims arising out of the performance of discretionary acts under TEX. CIV. PRAC. & REM. CODE ANN.§ 101.056, as a matter of law.

31. Defendants assert all applicable affirmative defenses expressly or impliedly contained in the Federal Rules of Civil Procedure.

## DESIGNATION OF ATTORNEY IN CHARGE

32. William M. McKamie, a member of the bar of this Court, is designated as Attorney in Charge for Defendants Kurt Kasson, Mike Collins, Bob Freeman and the City of Euless.

**WHEREFORE, PREMISES CONSIDERED**, the Defendants pray that the Court consider and grant the Motions to Dismiss, and the Motion to Abate; that this cause be set for trial before a jury, and that upon trial, the Plaintiff recover nothing of and from Defendants by way of his suit, and

that the Court enter a Judgment in favor of Defendants; that Defendants be awarded attorney's fees and court costs as the Court deems reasonable, necessary, just and equitable; and that Defendants have such other and further relief as to which they may be justly entitled.

Respectfully submitted,

**THE LAW OFFICES OF**
**WILLIAM M. McKAMIE, P.C.**
13750 San Pedro, Suite 640
San Antonio, Texas 78232
(210) 546-2122
(210) 546-2130 (facsimile)

WILLIAM M. McKAMIE
Attorney in Charge
State Bar No. 13686800
BRADFORD E. BULLOCK
State Bar No. 00793423

**ATTORNEYS FOR DEFENDANTS**

Taylor, Olson, Adkins, Sralla & Elam, LLP
Suite 200
6000 Western Place
Fort Worth, Texas 76107
(817) 332-2580
(817) 332-4740 (Facsimile)

Wayne K. Olson
SBN: 15276900

**LOCAL COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on January 24, 2007, a complete and correct copy of the foregoing pleading was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure:

| | |
|---|---|
| John Wheat Gibson<br>701 Commerce, Suite 520<br>Dallas, Texas 75202 | **Via facsimile (214) 748-8693<br>and First Class Mail** |

*/s/ WkOl*
Wayne K. Olson
William M. McKamie