

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOSE MERCED, PRESIDENT,          §
TEMPLO YORUBA OMO                §
ORISHA TEXAS INC.,               §
                                 §
                  Plaintiff,     §
                                 §
VS.                              §   NO. 4:06-CV-891-A
                                 §
CITY OF EULESS,                  §
                                 §
                  Defendant.     §

                    O R D E R

        This order pertains to preparation of a status report and

also contains directives that will govern procedures applicable

throughout the pendency of this action.

        Counsel[1] are directed to confer for the purpose of

submitting a Joint Status Report in this case.  The Joint Status

Report shall be filed by 4:00 p.m. on October 8, 2007,[2] and shall

address in separate paragraphs each of the following matters:

_____

        [1]The term "counsel" as used herein includes pro se parties.  For
example, the term "plaintiff's counsel" means the plaintiff himself or
herself if proceeding pro se.

        [2]Prior to the court ordering the parties to do so, some of the
parties submitted a joint status report and a proposed scheduling
order on their own initiative.  While the court appreciates this
effort, the parties have now changed.  The individual defendants have
been dismissed, and the United States of America has been permitted to
intervene.  In addition, this order contains important directives
regarding the undersigned's required procedures.

(1)   A brief statement of the nature of the case, including the contentions of the parties;

(2)   Any challenge to jurisdiction or venue;

(3)   Any pending motions (including the dates of filing of motions and responses), an estimate of time needed to file any contemplated motions and a description of anticipated motions;

(4)   Any matters which require a conference with the court;

(5)   Likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties;

(6)   Requested trial date, estimated length of trial, and whether jury has been demanded;

(7)   Prospects for settlement, and status of any settlement negotiations; and

(8)   Any other matters relevant to the status and disposition of this case.

Any differences between counsel as to the status of any of the above matters must be set forth in the report.

Plaintiff's counsel is responsible for initiating the status conference and for filing the Joint Status Report. All counsel must participate in the conference and shall sign the Joint Status Report.

Failure to timely submit the Joint Status Report or to cooperate in the preparation and the filing of the report may result in the imposition of sanctions, including dismissal or

entry of default without further notice.  See Fed. R. Civ. P.
16(f).

The court reminds the parties of the provisions of Local
Civil Rule LR 16.3(a) that:  "Parties in a civil action must make
good-faith efforts to settle.  Settlement negotiations must begin
at the earliest possible time, well in advance of any pretrial
conference."  So that the court might better evaluate steps that
should be taken in this action relative to settlement conferences
and the like,

The court ORDERS that by 4:00 p.m. on October 8, 2007, the
United States of America, who has intervened in this action,
shall file a separate report containing the following
information:

(a)  The identity by name, title, and name of employer
of each person who will or could play any role in
determining the terms of a settlement that would be
acceptable to the United States of America in this action;

(b)  The identity by name, title, and name of employer
of each person who will or could play any role in
determining whether a settlement offer made in this action
should be accepted;

3

(c)   A description of the role that will or could be played in each of the matters mentioned in (a) and (b) above by any person whose name is provided in response to the requirements of (a) and (b) above, along with copies of whatever documentation exists that defines the role each such person will or could have in each such matter; and

(d)   The usual business address and business telephone number of each person mentioned in response to the requirements of (a) and (b) above.

And, the court further ORDERS that the United States of America shall promptly file a supplemental report giving updated information if because of change in personnel or for other reason the information contained in the separate report no longer is current.

The court expects the parties to strictly comply with the provisions of Local Rule LR 16.3 of the Local Civil Rules of this court ("Local Civil Rules").

The court reminds the parties that a response and brief to an opposed motion must be filed within twenty (20) days from the date the motion is filed, Local Civil Rule LR 7.1(e), and that a reply brief may be filed within fifteen (15) days from the date the response is filed, Local Civil Rule LR 7.1(f).  Each motion

4

shall be deemed to be ripe for ruling by the court at the end of such time period.  If the court concludes that the motion should be granted, the court normally will not await a reply before ruling.  As a general rule, motions will be ruled upon without hearing; however, hearings will be scheduled as appropriate.

All parties and attorneys in this action are reminded of the provisions of Fed. R. Civ. P. 11 and Local Civil Rules LR 7.1, LR 10.1, LR 83.7, LR 83.9, and LR 83.10.  The rules do not contemplate that law firms are, or will be, admitted or authorized to practice before this court.  Instead, the representation is to be provided by individual attorneys who qualify to practice before this court under the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10.  Nor do the rules contemplate that simulated signatures of attorneys of record can be used, instead of actual signatures, on pleadings, motions, etc.

The court ORDERS that from this point forward all parties to this action, and their counsel, shall strictly comply with the requirements of the above-mentioned rules, and that, in the course of doing so:

(1)  Each attorney who participates in a conference contemplated by Local Civil Rule LR 7.1 shall be an attorney

5

of record who is admitted to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(2)    Each certificate of service and certificate of conference shall be signed by either a _pro se_ party or an attorney of record who is admitted or authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(3)    A simulated signature of an attorney or party is unacceptable and will not be used;

(4)    None of the items filed with the papers in this action is to be signed by a law firm, as opposed to individual attorneys who are admitted or authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(5)    None of the items filed with the papers in this action is to be signed by an attorney who is not authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10; and

(6)    Each _pro se_ party shall sign each item filed by him or her on his or her own behalf.

The court will consider ordering the denial of the relief sought by any item that has not been properly prepared, signed or filed or the ordering that such an item be stricken from the record of this case.

The court further ORDERS that: Each evidentiary item, including any exhibits, filed in connection with any pleading or other paper, shall be clearly marked by the exhibit number or letter, or other designation if any, assigned to the item.  All such items shall be filed as attachments, or in a separate volume, bearing consecutive page numbers and appropriate index tabs so that the court can readily locate each item.  Each collection of evidentiary items shall have at the front a table of contents giving the description of each item in the collection and the tab and page number where the item can be found. Evidentiary items shall not be put together in such a fashion as to make them unwieldy.  An item or collection of items of more than fifty pages shall be spiral-bound on the side.  Counsel shall highlight, as appropriate, those portions of the items that are of particular pertinence.  Submission to the court of any collection of cases or other legal authorities will be handled in a manner comparable to the foregoing directions relative to evidentiary items.

7

Further, counsel are reminded that the federal rules contemplate <u>only</u> that statements in <u>pleadings</u> may be adopted by reference. Fed. R. Civ. P. 10(c). Attempted incorporation by reference of any other material may not be considered by the court.

For the information of the parties, the court does not routinely make it a practice to allow documents to be filed under seal. <u>See</u> <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597 (1978) (the public has a common-law right to inspect and copy judicial records); <u>SEC v. Van Waeyenberghe</u>, 990 F.2d 845, 848 (5th Cir. 1993) (the court's discretion to seal records is to be exercised charily); <u>Brown & Williamson Tobacco Corp. v. F.T.C.</u>, 710 F.2d 1165, 1177 (6th Cir.1983) (the First Amendment and the common law limit the court's discretion to seal records). The parties are, of course, free to enter into any agreement between them as to confidentiality of documents produced in discovery.[3] Any party desiring to file a specific document under seal should

---

[3]The court is not inclined to involve itself in such an agreement of the parties. There is no reason why the parties cannot put any agreement into a legally enforceable document without causing the court to devote its time and attention to the matter. Rule 26(c) of the Federal Rules of Civil Procedure should not be used as a vehicle for converting an agreement of the parties into a court order. Therefore, the court does not anticipate that the parties will request it to review any discovery agreement they have reached.

file a motion for leave to do so, accompanied by a memorandum giving with specificity (including a statement of all facts supporting such request and a citation and discussion of all legal authorities supporting the request) all reasons why there should be a sealing from public view of such document.[4]  Further, all facts recited in any such memorandum must be verified by the oath or declaration of a person or persons having personal knowledge thereof.  Cf. United States v. Edwards 823 F.2d 111, 118 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a first amendment challenge, the court must make specific fact findings demonstrating that a substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

Strict compliance with the terms of this order is required. Should any party or counsel fail to cooperate in doing anything required by this order to be done, such party or counsel or both

---

[4]The movant should bear in mind that simply showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access.  Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1180 (6th Cir. 1983).

9

will be subject to sanctions, including dismissal or entry of

default without further notice.  See Fed. R. Civ. P. 16(f).

    THE COURT SO ORDERS.

    SIGNED September 10, 2007.

                      JOHN McBRYDE
                      United States District Judge

10