IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JOSE MERCED, PRESIDENT, TEMPLO YORUBA OMO ORISHA TEXAS INC., | § § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 4:06-CV-891-A |
| THE CITY OF EULESS, | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision are the motion of defendant, The City of Euless, for partial summary judgment and the motion of plaintiff, Jose Merced, President, Templo Yoruba Omo Orisha Texas Inc., for summary judgment on all of its claims asserted against defendant. For the reasons stated below the court is denying plaintiff's motion for summary judgment and granting defendant's motion for partial summary judgment.

I.

Background

A. Facts

The facts set forth below are undisputed in the summary judgment record:

Plaintiff is an ordained Oba in the Santeria religion and president of the Templo Yoruba Omo Orisha Texas Inc. Plaintiff

views blood sacrifice as an essential part of the Santeria religion. The ordinances at issue in this action effectively prohibit, within the corporate city limits, the type of blood sacrifice that plaintiff wishes to engage in as part of his religion. The ordinances at issue provide:

Sec. 10-3. Slaughtering animals.

It shall be unlawful to slaughter or to maintain any property for the purpose of slaughtering any animal in the city.

Euless, Tex., Code § 3-10 (1974).

Sec. 10-65. Animal care.

If the following shall occur, the animal may be impounded and the owner shall be guilty of a violation of this chapter:

. . . .

(4) A person shall willfully wound trap, maim or cripple by any method any animal, bird or fowl. It shall also be unlawful for a person to kill any animal, bird or fowl, except domesticated fowl considered as general tablefare such as chicken or turkey, within the city.

Euless, Tex., Code § 3-9 (1974).

B. <u>Parties' Contentions</u>

On September 28, 2007, plaintiff filed his amended complaint in the instant action, in which he claims that the ordinances at issue constitute violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, and

2

the Texas Religious Freedom Act ("TRFA"), Tex. Civ. Prac. & Rem. Code § 110.003. On December 6, 2007, defendant filed its motion for partial summary judgment maintaining that plaintiff's claims under RLUIPA must be denied because that statute does not apply to the ordinances at issue. On December 20, 2007, plaintiff filed a motion for summary judgment on all claims asserted against defendant contending that "Summary Judgment for the Plaintiff is appropriate because the record includes probative and competent evidence of every element of Plaintiff's claim, and the Defendant has produced no evidence that contradicts any element of the Plaintiff's cause of action." Pl.'s Mot. 1.

III.

Analysis

A. Defendant's Motion

Defendant maintains that it is entitled to summary judgment on plaintiff's RLUIPA claims as that statute does not apply to the ordinances at issue in the instant action. RLUIPA provides in pertinent part as follows:

> No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution—

> (A) is in furtherance of a compelling governmental interest; and
>
> (B) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc(a)(1). A "land use regulation" is defined in RLUIPA as "a zoning or landmarking law, or the application of such a law, that limits or restricts a claimant's use or development of land (including a structure affixed to land), if the claimant has an ownership . . . or other property interest in the regulated land . . . ." § 2000cc-5(5). The Sixth Circuit has held that "a government agency implements a 'land use regulation' only when it acts pursuant to a 'zoning or landmarking law' that limits the manner in which a claimant may develop or use property in which the claimant has an interest." Prater v. City of Burnside, 289 F.3d 417, 434 (6th Cir. 2002).

Here, defendant argues that the city ordinances do not constitute "land use regulations" because those ordinances do not regulate land use at all, rather, they apply equally to all property within the corporate limits of the city and operate to prohibit the killing and slaughtering of livestock as well as govern the use of animals and the disposal of animal wastes and remains. Plaintiff argues that because the ordinances prohibit certain uses of land, as do zoning laws, those ordinances constitute land use regulations and are subject to RLUIPA.

4

The court disagrees with plaintiff. Defendant's ordinances are not regulating plaintiff's use of land, rather, they are prohibiting activities throughout the city limits. The fact that plaintiff wants to participate in these activities on his property located within those city limits does not turn the ordinances into land use regulations. If defendant's ordinance regulating the activity of slaughtering animals were construed as a land use regulation under RLUIPA, then any ordinance that regulates a person's activities, as all activities are in some way conducted on land, would potentially be subject to RLUIPA. While plaintiff argues that Congress intended RLUIPA to be broadly construed, the court is convinced that whatever type of laws Congress may have intended RLUIPA to govern, these ordinances are not of that type. Therefore, because RLUIPA does not apply to the ordinances at issue, defendant is entitled to summary judgment on plaintiff's RLUIPA claims.

B. <u>Plaintiff's Motion</u>

Having considered plaintiff's motion for summary judgment, defendant's response, the summary judgment record, and the applicable legal authorities, the court concludes that plaintiff's motion must be denied.

## VII.

## Order

For the reasons discussed above, the court concludes that defendant's motion for partial summary judgment should be granted and plaintiff's motion for summary judgment should be denied. Therefore,

The court ORDERS that plaintiff's motion for summary judgment be, and is hereby, denied.

The court further ORDERS that plaintiff's claims for violations of RLUIPA be, and are hereby, dismissed with prejudice.

SIGNED January 17, 2008.

JOHN McBRYDE
United States District Judge