ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 2 5 2008

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

| | |
|---|---|
| JOSE MERCED, PRESIDENT, § <br> TEMPLO YORUBA OMO § <br> ORISHA TEXAS INC. § <br>     Plaintiff § <br> § <br> V. § <br> § <br> § <br> THE CITY OF EULESS § <br>     Defendant § | Civil Action No. 4-06CV-891-A |

## *AMENDED JOINT PRETRIAL ORDER*

*(a)   Concise statement of any pending jurisdictional issues*

1.   The Plaintiff and Defendant agree that the Court has jurisdiction of all the issues now before it.

*(b)   List of all pending motions*

2.   The Defendant and Plaintiff have prepared and filed *Motions in Limine*.

*(c)   A full and complete statement of plaintiff's claims, with specificity*

3.   Plaintiff claims that the absolute prohibition on the sacrifice[1] of mammals and reptiles inside the City of Euless is unnecessarily and unreasonably restrictive of his freedom under the First Amendment to the Constitution and the Texas Religious Freedom Act, Tex. Civ. Prac. Rem. Code §110 to practice his religion.

4.   Plaintiff claims that the legitimate interests of the Defendant in preventing animal cruelty and health hazards can be addressed by laws already in force to preserve those interests specifically, and therefore the absolute prohibition serves to restrict the free exercise of his

religion, rather than to serve any legitimate governmental interest.

5. Plaintiff claims that the Defendant makes reasonable exceptions in its enforcement of its ordinances[2] that prohibit the killing of mammals and reptiles inside the city, and that its refusal to make the same reasonable exception for the Plaintiff's religion, absent evidence that a compelling government interest has been compromised, constitutes illegally discriminatory enforcement that is designed to prevent the free exercise of his religion rather than to serve any legitimate government interest.

6. Plaintiff claims that the Defendant enforces a facially neutral statute in a manner that discriminates against the practice of his religion and the Defendant has no legitimate, much less compelling, interest in the discrimination. Plaintiff claims that the Defendant has shown no harm to any legitimate governmental interest, much less compelling governmental interest, from the Plaintiff's practice of animal sacrifice in his home.

7. Plaintiff claims that the Defendant's failure to make the same exception for his religious practice that the Defendant makes for other killing of mammals and reptiles inside the city in Defendant's enforcement of its ordinance evidences an intention to suppress the free exercise of his religion, in violation of the free exercise clause of the First Amendment, and that the discrimination against religion is not merely incidental.

8. Plaintiff claims that the Defendant interprets its statute to impose restrictions on the Plaintiff's practice of animal sacrifice that the Defendant does not impose on others who kill

---

[1] For purposes of this lawsuit, "sacrifice," "animal sacrifice," and "blood offering" refer to the killing of mammals, birds, or reptiles by a person who claims the killing serves a religious purpose.

[2] The Plaintiff and Defendant agree that Euless City Code, Article I, §§10-61 through 10.9, and Article III, §§10-61-10.73 are applicable sections of the Euless City Code. The Defendant contends that Euless City Code, Article 10, §14-204, and Euless City Health and Sanitation Code, Chapter 42, also are applicable, but Plaintiff objects to their mention because the Defendant did not mention or produce them in response to discovery that specifically asked the Defendant to identify the Code sections that Defendant contended were applicable.

mammals and reptiles for secular purposes.

9. Although the Defendant claims its prohibition on Plaintiff's practice of animal sacrifice serves legitimate governmental interests, in analogous secular contexts the Defendant either does not pursue its asserted interests at all, or pursues them to a lesser degree and by less restrictive means.

10. Plaintiff claims that the Defendant not only discriminates against religion generally in its enforcement of the ordinance at issue, but also that it discriminates among religions in its enforcement of the ordinance, based on its alleged interests in enforcing the ordinance. Such discrimination violates the Establishment Clause.

11. The legitimate governmental interests that the Defendant asserts are its reasons for enforcing the ordinance against the Plaintiff in fact have nothing to do with the Plaintiff's practices.

12. The Defendant's burdening of the Plaintiff's religion must be enjoined unless the Defendant proves that the burden serves a compelling governmental interest and that it is the least restrictive means to achieve that governmental interest.

13. The burden is on the Defendant to show that its discrimination against the Plaintiff's practice of his religion serves a compelling governmental interest, and the Defendant has not even claimed, much less demonstrated, such a compelling governmental interest in its discrimination.

14. The Defendant alleges that all sorts of evils could happen if it did not prohibit the Plaintiff's practice of animal sacrifice, but religious worshippers are not required to prove that there is no risk; rather, the Defendant is required to prove that serious harms actually are

happening.

*(d)    A full and complete statement of each defendant's claims, with specificity*

15.    Defendant, THE CITY OF EULESS, alleges that Plaintiff cannot establish a deprivation of constitutional or other federally-protected rights as a result of some official policy, practice or custom of the City. Any burden on religious exercise related to City of Euless ordinances and enforcement policies and Texas statutes, is the incidental effect of neutral and generally applicable and otherwise valid laws which do not impermissibly burden the free exercise of religion.

16.    The City of Euless ordinances and enforcement policies are valid and enforceable under the test announced by the United States Supreme Court in *Employment Division v. Smith*, 494 U.S. 872 (1990). The ordinances of the City of Euless are content neutral, narrowly-tailored to serve legitimate government objectives and leave open ample channels of alternate communication for religious institutions, and any incidental regulation of speech or assembly is motivated by promotion of harmonious and efficient land use, as well as the protection of the health, safety and welfare of the public. Any burdens on religious exercise by City of Euless ordinances, if any, are incidental and insubstantial and do not interfere with any important religious tenets or compel any persons to perform acts at odds with fundamental tenets of their religious beliefs. There is a substantial government interest in regulating conduct and promoting public health within the City and its extraterritorial jurisdiction and the City of Euless ordinances promote that interest which would be achieved less effectively absent the ordinances. The City of Euless ordinances and enforcement policies and the applications thereof referenced in Plaintiff's amended complaint are rationally related to the City's legitimate interest in protecting

the health, safety and welfare of the public. Religious land uses and assemblies are not unreasonably limited or excluded from the jurisdiction.

17. Protection of the public health is one of the basic functions of local government, and is a legitimate and substantial interest *per se*.

18. Defendant has denied the City is liable under any of Plaintiff's causes of action.

*(e)   A full and complete statement of the claims of any other parties, with specificity*

19. The United States of America intervened in this action to defend the constitutionality of the Religious Land Use and Institutionalized Persons Act of 2000, Pub. L. No. 106-274, 114 Stat 803, codified at 42 U.S.C. §§ 2000cc to 2000cc-5 ("RLUIPA"). That issue became moot when the Court dismissed plaintiffs' RLUIPA claims in its January 17, 2008, order [docket no. 50]. The United States of America has no other claims in this action. This Court has granted the intervener's motion to be excused from further participation in this case except for purposes of an appeal, if any, from the disposition of the RLUIPA claims.

*(f)   A list of the facts established by pleadings, by stipulations, or by admissions*

20. The Plaintiff is a priest of the Templo Yoruba Omo Orisha Texas Inc.

21. The Templo Yoruba Omo Orisha Texas Inc. is a religious institution protected by the First Amendment to the United States Constitution.

22. The religion practiced by the Plaintiff is the religion known as "Santeria."

23. The Defendant City of Euless is a municipality chartered by the State of Texas.

24. At all times relevant to this lawsuit, in their communications with Ventura Santana and the Plaintiff José Merced, the agents of the City of Euless Kurt Kasson, Bob Freeman, and Mike Collins, and all police and animal control officers who visited the home of

the Plaintiff acted pursuant to the authority of their positions as officers and employees of the City of Euless, and so acted in their official capacities under color of law.

25. Defendant has no evidence that any of the Plaintiff's religious practices in his home, including the killing of goats, sheep, and turtles, has adversely affected the health of any person.

26. Defendant has no evidence that any of the Plaintiff's religious practices in his home, including the killing of goats, sheep, and turtles, has adversely affected the safety of any person.

27. Defendant has no evidence that the Plaintiff ever disposed in an illegal manner of the remains (dead animals or their parts) of any animal sacrifice in his home.

28. Defendant has no evidence that the Plaintiff ever disposed in an unsanitary manner of the remains (dead animals or their parts) of any animal sacrifice in his home.

29. Defendant has no evidence that the Plaintiff ever kept any goats, sheep, or other animals on his premises for longer than four hours.

30. Defendant has no evidence that the Plaintiff ever kept any goats, sheep, or other animals on his premises in a manner that before the killing caused any injury to any animal.

31. Defendant has no evidence that the Plaintiff ever caused any animal on his premises to suffer any cruelty or harm, other than the killing of the animal.

32. Defendant has no evidence that the Plaintiff ever kept any goats, sheep, or other animals on his premises in an unsanitary manner.

33. Defendant has no evidence that the Plaintiff ever kept any goats, sheep, or other animals on his premises in a manner that denied to any animal sufficient food and water.

34. Defendant has no evidence that any of the Plaintiff's religious practices in his

home caused any animal greater suffering than is normal in the legal, commercial slaughter of animals for meat.

35. Plaintiff has no evidence that the City Ordinances that were enacted in 1974, and which prohibit the killing of mammals and reptiles by homeowners inside the city were enacted for the purpose of suppressing any exercise or expression of religion.

36. The City Ordinances that were enacted in 1974, and which prohibit the killing of mammals and reptiles by homeowners inside the city are neutral and generally applicable on their face.

37. The Defendant has enacted ordinances in the City Code that prohibit the killing of mammals and reptiles by homeowners in the City of Euless.

38. That the explicit language of the City Ordinances that were enacted in 1974 prohibits the killing of mammals and reptiles by homeowners inside the City of Euless, but permits such killing by animal control and police officers.

39. That the City of Euless does not enforce the City ordinances that were enacted in 1974 to prohibit the killing of rats, mice, and snakes by homeowners inside the city.

40. That the City of Euless does not enforce the City ordinances that were enacted in 1974 to prohibit the killing of mammals and reptiles by veterinarians inside the city.

41. That the City of Euless has a legitimate governmental interest in protecting the public health and safety.

42. The Defendant enforces or will enforce against the Plaintiff City ordinances that prohibit the killing of mammals and reptiles by homeowners in the City of Euless, if he kills one or more goats, sheep, or turtles inside his home, and will make no exception for religious practices.

43. The Defendant, through its agents or employees, have told the Plaintiff that the Defendant can issue no license, waiver, or permit, that will allow the Plaintiff legally to sacrifice goats, sheep, and turtles (mammals and reptiles) in his home.

44. The Plaintiff has practiced and intends to practice inside his home the rituals of his religion, including the sacrifice of goats, sheep, and turtles.

45. The Defendant's enforcement against the Plaintiff of laws that prohibit the killing of mammals and reptiles by homeowners in the City of Euless prevents his sacrifice of goats, sheep, and turtles in his home.

(g) *An agreed list of the contested issues of fact*

46. Whether animal sacrifice in the Plaintiff's home causes actual harm to any person.

47. Whether there is a nexus between the complete prohibition on the Plaintiff's killing of goats and sheep inside his home and the protection of public health and safety.

48. Whether the practice of the Santeria religion requires the observance of animal sacrifice, including the sacrifice of goats, sheep, and turtles.

49. The sacrifice of goats, sheep, and turtles is necessary to the observance of certain essential Santeria rituals.

50. The sacrifice of goats, sheep, and turtles is necessary to the continued existence of the Santeria religion.

51. Whether the burden, if any, on the Plaintiff's exercise of his religion that results from the enforcement against him of City Ordinances that were enacted in 1974 to prohibit the killing of mammals and reptiles is substantial or insubstantial.

52. Whether the burden, if any, on the Plaintiff's exercise of his religion that results from the refusal of the Defendant to make exceptions in its enforcement of the City ordinances

that were enacted in 1974 to prohibit the killing of mammals and reptiles is substantial or insubstantial.

53. The Defendant, through its agents or employees, has told the Plaintiff that he may not sacrifice goats, sheep, and turtles (mammals and reptiles) in his home.

54. By enforcing against the Plaintiff laws that prohibit sacrificing goats, sheep, and turtles in his home, the Defendant has forbidden the Plaintiff's free exercise of his religion.

55. The Defendant does not enforce against other homeowners the same laws it enforces or will enforce against the Plaintiff when they kill mammals and reptiles for secular purposes.

56. The Defendant excepts from enforcement against homeowners the prohibition on killing mammals and reptiles for secular purposes that it refuses to except from enforcement against the Plaintiff.

57. Whether there is a nexus between the City Ordinances that prohibit the sacrifice of goats, sheep, and turtles in the Plaintiff's home and any governmental interest.

58. Whether, if there is a disparity in the enforcement against Plaintiff and other homeowners of City Ordinances that prohibit the killing of mammals and reptiles, such disparity in enforcement serves a governmental interest.

59. Whether, if the Defendant has a governmental interest in enforcing against Plaintiff the City Ordinances that prohibit animal sacrifice in his home, such enforcement of those ordinances is the least restrictive means of achieving such governmental interest.

60. The Defendant refuses or has refused to except from enforcement Plaintiff's conduct for religious purposes that is no more prohibited by the language of the law than the

conduct of other homeowners for secular purposes, which is no less prohibited by the language of the law, but which the Defendant excepts from enforcement.

(h) *An agreed list of the contested issues of law*

61. Whether the prohibition on animal sacrifice in the Plaintiff's home serves a compelling governmental interest.

62. Whether the prohibition on animal sacrifice in the Plaintiff's home is rationally related to a governmental interest.

63. Whether, if the Defendant shows a nexus between the prohibition on the Plaintiff's practice of animal sacrifice in his home and a governmental interest, such interest is a legitimate governmental interest.

64. Whether, if the Defendant shows a nexus between the prohibition on the Plaintiff's practice of animal sacrifice in his home and a governmental interest, such interest is a compelling governmental interest.

65. Whether the Defendant enforces the prohibition on homeowners' killing mammals and reptiles in the City in a way that violates the free exercise clause.

66. ~~Whether the city ordinance prohibiting absolutely the killing by homeowners of mammals and reptiles inside the city is preempted by federal law.~~

67. Whether the Defendant's prohibition on the Plaintiff's sacrifice of animals in his home must be justified by a compelling governmental interest.

68. Whether the interests that the Defendant asserts require the enforcement of the ordinances in question against the Plaintiff are sufficiently compelling to require the abridgement of the Plaintiff's constitutionally protected right to practice his religion.

69. Whether, if there is a disparity in the enforcement against Plaintiff and other homeowners of City Ordinances that prohibit the killing of mammals and reptiles, such disparity in enforcement serves a legitimate governmental interest.

70. Whether, if there is a disparity in the enforcement against Plaintiff and other homeowners of City Ordinances that prohibit the killing of mammals and reptiles, such disparity in enforcement is rationally related to a governmental interest.

71. Whether, if there is a disparity in the enforcement against Plaintiff and other homeowners of City Ordinances that prohibit the killing of mammals and reptiles, such disparity in enforcement serves a compelling governmental interest.

*(i)   A list of each party's expert witnesses and a summary of the opinions to be given by each expert*

Plaintiff's expert witness

72. Plaintiff's expert witness is Dr. Michael Mason, Smithsonian Institution. In summary, his opinion to be given is that the prohibition on animal sacrifice amounts to a prohibition on the Plaintiff's religion; and that none of the reasons asserted by the Defendant for prohibiting animal sacrifice in the city is served by the prohibition.

Defendant's expert witnesses

73. Donald D. Feare: animal laws, state animal cruelty laws, livestock and animal slaughtering laws, general bases of state laws and city ordinances to protect animals and the public health.

74. Sam Sanchez: public health considerations related to killing and disposal of animals, food preparation of turtles and other animals, dumping of dead chickens into waterways

and in open spaces, general bases of state laws and city ordinances to protect animals and the public health.

75. William M. McKamie, Attorney at Law: reasonable and necessary attorney's fees for Defendant and Plaintiff.

76. Bob McFarland, Attorney at Law: reasonable and necessary attorney's fees for Defendant and Plaintiff.

*(j)  A list of additional matters that would aid in the disposition of the case*

77. The Plaintiff objects to the designation of Donald Feare as an expert, and objects to his testimony on any matter of opinion.

*(k)  An estimate of the length of trial*

78. Plaintiff anticipates that the trial will take two business days, and Defendant estimates that the trial will take two days.

*(l)  A statement that the case is jury or non-jury*

79. Any questions of fact will be tried to a jury.

By:

_____
*Amy Messer for*
LAW OFFICES OF
WILLIAM M. McKAMIE, P.C.
By: William M. McKamie
State Bar No. 13686800
13750 San Pedro, Suite 640
San Antonio, TX 78232
(210)546-2122, FAX: (210)546-2130
ATTORNEYS FOR DEFENDANT

Wm. Andrew Messer
State Bar No. 13472230
Messer, Campbell & Brady, LLP

6351 Preston Rd.
Ste. 350
Frisco, TX 75034
(972) 424-7200
(972) 424-7244 (facsimile)

_____
JOHN WHEAT GIBSON, P.C.
By: John Wheat Gibson
Texas Bar No. 07868500
701 Commerce, Suite 800
Dallas, TX 75202
(214) 748-6944, FAX: (214) 748-8693
ATTORNEY FOR PLAINTIFF

While the court is not satisfied that the foregoing Amended Joint Pretrial Order is in compliance with instructions given to the parties by the court, the court is signing it so that the record will reflect what the parties presented to the court as an Amended Joint Pretrial Order and will disclose a listing by the parties of facts established by pleadings, by stipulations, or by admission.

SIGNED February 25, 2008.

_____
JOHN McBRYDE
United States District Judge