


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE MERCED, PRESIDENT, TEMPLO YORUBA OMO ORISHA TEXAS INC. <br> Plaintiff <br><br> V. <br><br> THE CITY OF EULESS <br> Defendant | § § § § § § § § § | Civil Action No. 4-O6CV-891—A |

## *ADDITIONAL PRETRIAL SUBMISSIONS*

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff and Defendant jointly submit the following as ordered by the Court on 25 February 2008:

### 1) List of ordinances

a) The parties agree that the following are the city ordinances the enforcement of which prevents the Plaintiff from conducting animal sacrifice in his home, and the enforcement against him of which he seeks an injunction. They are referred to hereafter in this Additional Pretrial Submission as the "ordinances in question."

1) 10-3 "Slaughtering animals"

2) 10-5 "Exceptions and exemptions not required to be negated"

3) 10-9 "Penalty for violations of chapter"

4) 10-65 (2), (4) "Animal care"

5) 10-68 "Restriction on number of dogs, cats, or any other animal or combination to be kept on residential premises"

     6) 10-104 "Restrictions on size and locations of area for keeping livestock"

   b) The Defendant maintains that if the burden shifts to the Defendant to prove the enforcement of the ordinances in question against Plaintiff serves a legitimate governmental purpose, is rationally related to legitimate governmental purpose, serves a compelling governmental interest, or is the least restrictive means of furthering a compelling governmental interest, the following city ordinances should be admitted into evidence. The Plaintiff disagrees and objects to their admission, on the ground that they are irrelevant, not properly and timely identified, and will only obfuscate the issues before the court and waste the time of the Court. The ordinances identified by the Defendant are as follows.

     1) All of Article 1, Chapter 10 of City of Euless Code of Ordinances "In General"

     2) All of Article 3, Chapter 10, Care and Control"

     3) Section 14-204, related to vermin control

     4) Chapter 42, Health and Sanitation in Particular

     5) Section 42-9 Food Establishments, permits required

     6) Texas Penal Code, Section 42.09 "Cruelty to Livestock Animals"

### 2) Ultimate facts to be decided by the Court

   a) *Plaintiff's First Amendment claim, 42 USC §§1981, 1983, 1988*

     1) **Plaintiff's burden of proof:** Plaintiff must obtain an affirmative answer to the following

A) Does the enforcement of the ordinances in question against the Plaintiff burden the free exercise of his religion?

2) **Defendant's burden of proof:** to defeat Plaintiff's claim if Plaintiff meets his burden of proof, the burden of proof shifts to the Defendant to obtain affirmative answers to the following

A) Is the Defendant's enforcement of the ordinances in question against the Plaintiff done in a manner that is rationally related to a legitimate public purpose?

b) *Plaintiff First Amendment and Equal Protection Clause claim, 42 USC §§1981, 1983, 1988, and Amendment 14*

1) **Plaintiff's burden of proof:** Plaintiff must obtain an affirmative answer to any one of the following

A) Does the city exempt from enforcement of the ordinances in question violations for secular purposes that it does not exempt for the Plaintiff?

B) Does the city enforce the ordinances against the Plaintiff that it does not enforce against violations for secular purposes?

2) **Defendant's burden of proof:** to defeat Plaintiff's claim, if Plaintiff meets his burden of proof, the burden of proof shifts to the Defendant to obtain affirmative answers to all of the following:

A) Does the city's discrimination against Plaintiff further a compelling governmental interest in protecting the public health and welfare?

B) Is the city's discrimination against the Plaintiff the least restrictive means by which the city can further that compelling governmental interest?

c) *Plaintiff's pendent cause of action under the Texas Religious Freedom Act, Texas Civil Practices and Remedies Code Chapter 110.*

1) **Plaintiff's burden of proof:** to prevail on his claim under the Texas Religious Freedom Act, the Plaintiff must obtain an affirmative answer to the following:

A) Does the enforcement by the city of the regulations in question against the Plaintiff substantially burden the Plaintiff's free exercise of religion?

2) **Defendant's burden of proof:** to defeat Plaintiff's claim, if Plaintiff meets his burden of proof, the burden of proof shifts to the Defendant to obtain affirmative answers to all of the following

A) Does the enforcement of the ordinances in question against the Plaintiff further a compelling governmental interest in protecting the publish health and welfare?

B) Is enforcement of the ordinances in question against the Plaintiff the least restrictive means of furthering that compelling governmental interest?

### 3) Questions of law that the Court will decide

a) *Plaintiff's First Amendment claim, 42 USC §§1981, 1983, 1988*

1) **Plaintiff's burden of proof:** Plaintiff must obtain an affirmative answer to the following

A) Does the enforcement of the ordinances in question against the Plaintiff burden the free exercise of his religion?

2) **Defendant's burden of proof:** to defeat Plaintiff's claim if Plaintiff meets his burden of proof, the burden of proof shifts to the Defendant to obtain affirmative answers to all of the following

    A) Are the ordinances in question religiously neutral?

    B) Are the ordinances in question generally applicable?

    C) Do the ordinances serve a legitimate public interest?

    D) Are the ordinances rationally related to the legitimate public interest?

  b) *Plaintiff First Amendment and Equal Protection Clause claim, 42 USC §§1981, 1983, 1988, and Amendment 14*

    1) **Plaintiff's burden of proof:** Plaintiff must obtain an affirmative answer to any one of the following

      A) Does the city discriminate against Plaintiff's religious practices by refusal to afford him the same exemption from enforcement that it affords secular practices?

      B) Does the city discriminate against Plaintiff's religious practices by differential enforcement against secular violators and Plaintiff?

    2) **Defendant's burden of proof:** to defeat Plaintiff's claim, if Plaintiff meets his burden of proof, the burden of proof shifts to the Defendant to obtain affirmative answers to all of the following:

      A) Does the city's discrimination against Plaintiff serve a compelling governmental interest?

      B) Is the city's discrimination against the Plaintiff the least restrictive means by which the city can further that compelling governmental interest?

  c) *Plaintiff's pendent cause of action under the Texas Religious Freedom Act, Texas Civil Practices and Remedies Code Chapter 110.*

1) **Plaintiff's burden of proof:** to prevail on his claim under the Texas Religious Freedom Act, the Plaintiff must obtain an affirmative answer to the following:

    A) Does the enforcement by the city of the regulations in question against the Plaintiff substantially burden the Plaintiff's free exercise of religion?

2) **Defendant's burden of proof:** to defeat Plaintiff's claim, if Plaintiff meets his burden of proof, the burden of proof shifts to the Defendant to obtain affirmative answers to all of the following

    A) Does the enforcement of the ordinances in question against the Plaintiff further a compelling governmental interest?

    B) Is enforcement of the ordinances in question against the Plaintiff the least restrictive means of furthering that compelling governmental interest?

Respectfully submitted,

_William M. McKamie_ (signature)
LAW OFFICES OF
WILLIAM M. McKAMIE, P.C.
By: William M. McKamie
State Bar No. 13686800
13750 San Pedro, Suite 640
San Antonio, TX 78232
(210)546-2122, FAX: (210)546-2130
ATTORNEYS FOR DEFENDANTS

_John Wheat Gibson_ (signature)
JOHN WHEAT GIBSON, P.C.
By: John Wheat Gibson
Texas Bar No. 07868500
701 Commerce, Suite 110
Dallas, TX 75202
(214) 748-6944, FAX: (214) 748-8693
ATTORNEY FOR PLAINTIFF

DATE: Signed 26 FEBRUARY 2008

_(signature)_
THE HONORABLE JOHN MCBRYDE

*Additional Pretrial Submissions*       *Page 6 of 6*