FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
              DIVISION

      - 4   PM 2: 48

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE MERCED, PRESIDENT,<br>TEMPLO YORUBA OMO<br>ORISHA TEXAS, INC.,<br>    Plaintiff, | §<br>§<br>§<br>§<br>§ | |
| vs. | §<br>§ | Civil Action No. 4-06CV-891-A |
| THE CITY OF EULESS,<br>    Defendant. | §<br>§<br>§ | |

---

## DEFENDANT'S AMENDED TRIAL BRIEF

---

### Table of Contents

A.    Introduction:  Paragraph Nos. 1-6

B.    Arguments & Authorities:  Paragraph Nos. 7-9

    8.    The First Amendment Claim, 42 USC §§ 1981, 1983, 1988
        a.    Plaintiff's Burden of Proof
        b.    Defendant's Burden of Proof
            1)    *Employment Division v. Smith*
            2)    *Church of Lukumi Babalu Aye v. City of Hialeah*

    9.    Plaintiffs First Amendment and Equal Protection Clause Claim, 42 USC §§ 1981
          1983, 1988, and Amendment 14
        a.    Plaintiff's Burden of Proof
        b.    Defendant's Burden of Proof

    10.   Plaintiff's pendent cause of action under the Texas Religious Freedom Act, Texas
          Civil Practices and Remedies Code Chapter 110.
        a.    Plaintiff's Burden of Proof
        b.    Defendant's Burden of proof

*Prayer*

i

## **Table of Authorities**

### Cases

*Bowen v. Roy*, 476 U.S. 693 (1986)..................................................................................5

Boyd v. City of Sierra Madre, 183 P. 230 (1919) ...................................................9, 16

*Christian Academy of Abilene vs. City of Abilene*, 62 S.W.3d 217 (Tex. App. – Eastland 2001) 14

*Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 531, 534, 537, 540, 543, 580, (1993) ...........................................................................................6, 7, 8, 9

*City of Boerne v. Flores,* 521 U.S. 527, 536 (1997).........................................10, 12, 15

*Employment Division v. Smith*, 494 U.S. 872, 884, 892 (1990)...........................3, 5, 6, 8

*Eric Chen v. Michael Tseng*, 2004 Tex. App. LEXIS 264 (Tex. App. – Houston [1st Dist.] 2004). ...................................................................................................................14

*Ex Parte Naylor*, 249 S.W.2d 607, 611 (Tex. Crim. App. 1952)...............................9, 15

*Gene Guinn v. Texas*, 2001 Tex. App. LEXIS 7748 (Tex. App. – Austin, 2001 [UNPUBLISHED OPINION]).....................................................................................................14

Martin v. Wholesome Dairy, Inc. 437 S.W.2d 586, 591 (Tex. Civ. App. – Austin 1969, writ ref'd n.r.e.) ................................................................................................................9, 16

Miller v. Syracuse, 80 N.E. 411 (1907)...................................................................9, 16

Odd Fellows' Cemetery Ass'n v. San Francisco, 73 P. 987, 989 (1903) ...................9, 16

*Pastor Rick Barr and Philemon Homes, Inc. v. City of Sinton*, 2005 Tex. App. LEXIS 9847 (Tex. App. – Corpus Christi, 2005) ...........................................................................13

*Reynolds v. United States*, 98 U.S. 145 (1878)..............................................................4

*Robinson v. Crown Cork & Seal Co.*, 2006 Tex. App. Lexis 3717 (Tex. App. – Houston [14th Dist.], pet. granted on other grounds, Jan. 2008). ....................................................9

*Sherbert v. Verner*, 374 U.S. 398 (1963) ........................................................................5

*The Voice of the Cornerstone Church Corporation v. Pizza Property Partners*, 160 S.W.3d 65

    (Tex. App. – Austin, 2005) ........................................................................13

## Statutes

§ 110.001(a)(1) of Religious Freedom Act ..................................................................12

110.003(a)(b) of the Religious Freedom Act...............................................................12

Texas Civil Practices and Remedies Code, Chapter 110................................................12

Texas Penal Code §42.09 ........................................................................7

Texas Penal Code §42.092 ........................................................................7

## City of Euless Ordinances

§10-3........................................................................2, 7

§10-65........................................................................2, 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOSE MERCED, PRESIDENT,** | § | |
| **TEMPLO YORUBA OMO** | § | |
| **ORISHA TEXAS, INC.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4-06CV-891-A** |
| | § | |
| **THE CITY OF EULESS,** | § | |
| **Defendant.** | § | |

---

## DEFENDANT'S AMENDED TRIAL BRIEF

---

COMES NOW THE CITY OF EULESS, Defendant and files its Trial Brief, and respectfully shows:

### A. INTRODUCTION

1.     Plaintiff makes two claims of exemption from application of state laws and City ordinances that might in any way restrict the killing of animals in his residence, as such laws (1) infringe upon his rights to religious expression under the First Amendment to the United States Constitution, and (2) burden the free exercise of his religion in violation of the Texas Religious Freedom Act.

2.     Plaintiff has failed to identify specific state laws and City ordinances that he attacks. The City of Euless has taken no civil or criminal enforcement action against Plaintiff or his residence. During the course of discovery, the City has identified several regulations applicable to the keeping and killing of livestock, the disposal of animal wastes and remains, and animal cruelty.

3.     Plaintiff has challenged state laws and city ordinances which regulate conduct and which apply throughout the corporate limits of the City of Euless. Plaintiff seeks to be exempted from

laws and ordinances which prohibit the killing and slaughtering of livestock within the City limits, which regulate the use of animals and the disposal of animal wastes and remains.

4.      In paragraph number 15 of the Amended Complaint [docket no. 33], Plaintiff admits that "the language of the statutes upon which Defendant relies is universal. . . ."  City of Euless ordinances cited as examples by Plaintiff in that paragraph are §10-3, Slaughtering Animals and §10-65, Animal Care.

5.      Plaintiff does not allege, and cannot prove, that the City of Euless has the intent to discriminate against any religion.

6.      The deposition testimony of each witness who claims to be a member of Plaintiff's religious group or an adherent of the Santeria religion, has stated unequivocally that the geographical location at which rituals and ceremonies are conducted is unimportant to the exercise of the religion.  Such rituals and ceremonies can be conducted in any suitable structure where members gather.  The use of a particular piece of property in a particular place is not necessary to the exercise of the religion.  Such exercise can occur in many different locations and types of places. *See* excerpts from the Oral Deposition of Jonathan Merced, attached to the Motion for Partial Summary Judgment [docket no. 40] as Exhibit "A," (P.9, L.15 – P.11, L.24; P.13, L. 6 – 23; P.15, L.5 – P.17, L.7; P.52, L.19 – P.54, L.8; P.64, L.15 – 22; P.69, L.20 – P.71, L.22 – P.87, L.14 – P.88, L.7; P89, L.25 – P.91, L.1); excerpts from the Oral Deposition of Margaret Donnelly, attached to the Motion for Partial Summary Judgment [docket no. 40) as Exhibit "B," (P.13, L.15 – 25; P.14, L.1-4; P.17, L. 20-25; P.18, L. 1-11); excerpts from the Oral Deposition of Sylvia Merced, attached to the Motion for Partial Summary Judgment [docket no. 40) as Exhibit "C," (P.9; P.10, L.19 – 22; P.11, L. 2-5); excerpts from the Oral Deposition of Omar Osuna, attached to the Motion for Partial Summary Judgment [docket no. 40)  as Exhibit

"D," (P.8, L.16 – 18; P.11, L.5-21; P.55, L.11 – P.56, L.7; P.48, L.10 – P.49, L.7; P.60, L.13 – P.61, L.1; P.67, L.7 – P.68, L.5); and excerpts from the Oral Deposition of Ventura Santana, attached to the Motion for Partial Summary Judgment [docket no. 40)  as Exhibit "E," (P.6, L.10 – P.7, L.25; P.16, L.20 – P.19, L.25; P.23, L.20 – P.24, L.8; P.43, L.10 – 23; P.45, L.3 – P.46, L.9; P.48, L.15 – P.50, L.5; P.66, L.11 – 25; P.75, L.16 – P.76, L.16).

## B.    ARGUMENTS & AUTHORITIES

7.    Plaintiff's claims fail entirely.  The First Amendment claim fails under the test and analysis required by *Employment Division v. Smith*, 494 U.S. 872 (1990).  The Texas Religious Freedom Act fails because there has been no substantial burden upon the free exercise of religion, the governmental interests served by the regulations in question are legitimate and compelling, and the means employed to serve those governmental interests are further by the least restrictive means, and the City's accommodation to Plaintiff is legally adequate.

8.    ***The First Amendment Claim, 42 USC §§ 1981, 1983, 1988***

a.    **Plaintiff's Burden of Proof:**  Whether the enforcement of the ordinances in question against the Plaintiff burden his free exercise of religion.

Defendant has not burdened Plaintiff's religion because the Plaintiff is complaining that the ordinances in question prohibit the slaughtering of goats and chickens which is essential to the practice of Plaintiff's religion.  However, the ordinances in question do not prohibit Plaintiff from slaughtering goats in the City's extraterritorial jurisdiction ("ETJ") and further, the ordinances in question allow the Plaintiff to slaughter chickens and table fare inside the city limits.

H:\Docs\Merced\Trial\Amended Trial Brief.doc

The Supreme Court has clearly distinguished between the regulation of religious belief and regulation of religious conduct. *Reynolds v. United States*, 98 U.S. 145 (1878). "Thus the Amendment embraces two concepts, freedom to believe and freedom to act. The first is absolute but, in the nature of things, the second cannot be. Conduct remains subject to regulation for the protection of society." *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940) [citing *Reynolds*]. "It is equally clear that a State may by general and nondiscriminatory legislation regulate the times, the places, and the manner of soliciting upon its streets, and of holding meetings thereon; and may in other respects safeguard the peace, good order and comfort of the community, without unconstitutionally invading the liberties protected by the Fourteenth Amendment." *Cantwell*, 310 U.S. at 304.

The City ordinances at issue in this case are aimed at controlling the number of animals that may be present in a residential neighborhood, and are aimed at controlling animal slaughter for the benefit, welfare and health of the general public. The City ordinances at issue in this case do not prohibit Plaintiff from practicing his religion outside the City limits and within the City's ETJ. Further, Section 10-65 of the City of Euless animal control ordinance states that "it is unlawful for a person to kill any animal, bird or fowl, except domesticated fowl considered as general table fare such as chicken or turkey, within the City." This means that Plaintiff can slaughter goats outside the City's corporate limits and can slaughter table fare inside the City limits and the ordinances in question do not burden his exercise of his religion.

Therefore, since the ordinances at issue were passed for the welfare and health of the general public and more importantly, Plaintiff can practice his religion **without violating** any of the City ordinances, Defendant has not burdened Plaintiff's free exercise of religion.

H:\Docs\Merced\Trial\Amended Trial Brief.doc

**b.**     **Defendant's Burden of Proof:** To defeat Plaintiff's claim, if Plaintiff meets his burden of proof, the burden then shifts to the Defendant to show that the ordinances in question are neutral, generally applicable, serve a legitimate public interest and are rationally related to the legitimate public interest.

### 1.)     *Employment Division v. Smith*

For a number of years, the Court applied strict scrutiny review to evaluate an assertion of a free exercise violation. *Sherbert v. Verner*, 374 U.S. 398 (1963). Often, however, the Court did not actually apply a strict scrutiny analysis. *Bowen v. Roy*, 476 U.S. 693 (1986) [holding that the government is entitled to wide latitude in the enforcement of a facially neutral and uniformly applicable requirement].

In 1990, once and for all, the Supreme Court clearly established the constitutional test applicable to free exercise challenges. This new analysis first determines whether the law regulates conduct in a neutral and generally applicable way. If so, the government need only justify the law with a legitimate public interest. *Employment Division v. Smith*, 494 U.S. 892 (1990). The Court reasoned that if the Free Exercise Clause required the government to defend regulations burdening religious conduct with a compelling interest, each citizen was given a private right to ignore generally applicable laws. Effectively, each individual would then be a law unto themselves. *Smith,* 494 U.S. at 884.

In this case, it cannot be argued that City ordinances and state laws that restrict the keeping of fowl and livestock, the killing of livestock and other animals, and the manner of disposal of animal wastes and carcasses are not rationally related to the protection of the public health, and the prevention of injury to the public health. The City of Euless ordinances referenced above relate directly to that public health interest, and serve that interest directly.

The City regulations that prohibit the keeping of livestock within the City limits that prohibit the killing of animals that direct the manner and means of disposing of animal wastes and carcasses are of general application throughout the City. Further, state laws regarding animal cruelty are of general application throughout the state. All of the regulations regulate conduct, and apply neutrally.

### 2.)   *Church of Lukumi Babalu Aye*

In 1987, a conflict arose between the Church of Babalu Aye and the City of Hialeah, Florida. A Florida district court decided the legal version of the conflict in favor of the City in 1989, as did the Eleventh Circuit Court of Appeals. In the interim, the Supreme Court had decided *Employment Division v. Smith*, 494 U.S. 892 (1990). Therefore, when the case reached the Supreme Court in 1992, the *Smith* test was appropriately applied.

In *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520 (1993), the Supreme Court found that Santeria was a religion within the meaning of the First Amendment. The Court reiterated that the proper method of review was applying the test articulated in *Smith*. *Lukumi*, 508 U.S. at 531.

The Court analyzed the particular ordinances involved that were being enforced by the City of Hialeah, and found that though the words "animal sacrifice" and "ritual" seemed to have some religious connotations, there were also plausible secular meanings for the words. The Court found the ordinances to be facially neutral. It is important to note that no ordinance or law attacked by the Plaintiff in this case uses the words "animal sacrifice" or "ritual" or any other term that could possibly be ascribed a religious meaning.

The Court went on to examine the neutrality of the Hialeah ordinances, finding important a resolution in which that city expressed its commitment to prevent religious action "inconsistent

6

with public morals, peace or safety." The Court found this resolution to be evidence that the subject of the ordinances was to suppress a "central element of the Santeria worship service." *Lukumi*, 508 U.S. at 534. Again, it is important to note that no such intent can be inferred by any action of the City of Euless or its officials.

Further, the Court concluded that the ordinances in Hialeah burdened the Santerias almost exclusively. *Lukumi*, 508 U.S. at 537.

No such conclusion can be made in this case, because the City ordinances and state laws attacked by Plaintiff have been fairly and uniformly applied in the past. Importantly, City of Euless Code of Ordinances §10-3, Slaughtering Animals and §10-65, Animal Care, were adopted in current form on November 10, 1987, and have been in force continuously since that time. No new rule, regulation or ordinance was adopted by the City of Euless to address any religious practice of Plaintiff or the members of Templo Yorubo Omo Orisha Texas, Inc. The facts of this case do not even faintly resemble those found in *Lukumi*. Plaintiff moved into his current residence in Euless in 2002, fifteen years after the referenced ordinances were adopted.

Texas Penal Code §42.09, Cruelty to Livestock Animals, was codified in 1997, but has appeared in some form in Texas statutes since 1879. Texas Penal Code §42.092, Cruelty to Non-Livestock Animals, was codified in 2007, but has also appeared in some form in Texas statutes for decades.

There is no doubt that the City of Hialeah harbored great hostility towards the church and its practitioners. *Lukumi*, 508 U.S. at 540. In fact, the Court concluded that the only object of the Hialeah ordinances was to prevent the Santerias from conducting animal sacrifice. Nothing could be further from the truth in Euless, as City officials were totally unaware of the existence of the religion and its practices within Euless until May of 2006 when citizen complaints were

7

received at City Hall.  As of today, the City has not taken any enforcement action against Plaintiff.  Plaintiff simply cannot prove that Euless ordinances or state laws do not satisfy *Smith*'s requirement of neutrality.

Since Hialeah's ordinances were not neutral, the Court held that "these ordinances fall well below the minimum standard necessary to protect First Amendment rights." *Lukumi*, 508 U.S. at 543.  (Note that the Court, when examining the three regulations at issue, said that the ordinance which confined animal slaughter to properly permitted slaughter houses would survive the neutrality inquiry, but that when taken in operation with the other two ordinances, it specifically targeted the Santerias. *Lukumi*, 508 U.S. at 537.

In *Lukumi*, the Supreme Court was confronted with facts and circumstances that are expressly forbidden in *Smith* – a government banning conduct solely because it was inspired by religious belief.  Justice Blackmon declared it an "easy" case to decide. *Lukumi*, 508 U.S. at 580 (concurring opinion).  The record before the Court established an intense discrimination against a particular religious practice.  Nothing like that is present in the record before this Court.

***There is no constitutional right to sacrifice animals***.  The challenged Hialeah ordinances failed because they were found to be not neutral and not generally applicable.  If the ordinances had instead been neutral in their aims, and largely applicable to both secular and religious conduct, strict scrutiny would never have been involved.  The ordinances would have withstood the free exercise challenge, as protection of public health and prevention of animal cruelty are legitimate and compelling public interests that justify such laws.  In other words, in the context of the claims brought herein against the City of Euless, the City's regulations remain enforceable – Plaintiff's claim must fail.

The protection of public health is one of the paramount compelling governmental

interests. *Ex Parte Naylor*, 249 S.W.2d 607, 611 (Tex. Crim. App. 1952) [citing *Miller v. Syracuse*, 80 N.E. 411 (1907); *Odd Fellows' Cemetery Ass'n v. San Francisco*, 73 P. 987, 989 (1903); *Boyd v. City of Sierra Madre,* 183 P. 230 (1919)].   Further, a municipality, when engaged in the exercise of its police powers to protect and further the public health, safety and welfare, is not to be second-guessed by the Courts.

"Courts of this State have held that two considerations determine whether a legislative act is valid under the police power:  (1) whether the act is appropriate and reasonably necessary to accomplish a purpose within the scope of the police power, and (2) whether the ordinance is reasonable by not being arbitrary and unjust or whether the effect on individuals is unduly harsh so that it is out of proportion to the end sought to be accomplished. *Martin v. Wholesome Dairy, Inc*. 437 S.W.2d 586, 591 (Tex. Civ. App. – Austin 1969, writ ref'd n.r.e.).  If there is room for a fair difference of opinion as to the necessity of a legislative enactment . . . on a subject which lies within the police power, the courts will not hold it void." *Robinson v. Crown Cork & Seal Co.*, 2006 Tex. App. Lexis 3717 (Tex. App. – Houston [14[th] Dist.], pet. granted on other grounds, Jan. 2008).

"This case does not present, and I therefore decline to reach, the question whether the Free Exercise Clause would require a religious exemption from a law that sincerely pursued the goal of protecting animals from cruel treatment." *Lukumi*, 508 U.S. at 580 (concurring opinion).

Plaintiff seeks an injunction against any City ordinance that interferes with the free exercise of his religion.  Which ordinances?  What religious practices does Plaintiff seek to protect from interference?  It is abundantly clear that Plaintiff seeks a universal exemption from the enforcement of any ordinance or law that he does not wish to obey.  How could the City know which ordinances the Plaintiff finds objectionable?  Would the Plaintiff's mere claim of

exemption from enforcement of an ordinance be sufficient to prevent such enforcement?  Or would the City be entitled (or required) to determine whether the Plaintiff's claim of exemption has merit – that is, whether the subject practice is central to his religion and necessary to its exercise?  Such an inquiry by the City in any case not only invites violation of the First Amendment's proscription on government entanglement with religion, it would guarantee it.

See also, generally, the concurring opinion of Justice Stevens in City of Boerne v. Flores, 521 U.S. 527, 536 (1997), and the concurring opinion of Justice Scalia, joined by Justice Stevens, Boerne, 521 U.S. at 537. [Note:  the undersigned was trial counsel before Judge Bunton and on the Fifth Circuit Brief for the City of Boerne].

9.    *Plaintiffs First Amendment and Equal Protection Clause Claim, 42 USC §§ 1981, 1983, 1988, and Amendment 14*

a.    **Plaintiff's Burden of Proof:** Whether the City discriminates against Plaintiff's religious practices by refusal to afford him the same exemption from enforcement that it affords secular practices and whether the City discriminates against Plaintiff's religious practices by differential enforcement against secular violators and Plaintiff.

Plaintiff cannot meet his burden in this case.  Specifically, Plaintiff has not shown any facts that would support his position that the ordinances and state laws in question are not applied uniformly throughout the City.  Further, Plaintiff has failed to show any facts that would support his position that the city allows exemptions to other citizens in the city tat it does not allow Plaintiff.  The City ordinances at issue in this case are aimed at controlling the number of animals that may be present in a residential neighborhood, and are aimed at controlling animal slaughter for the benefit, welfare and health of the general public.  Further, the City ordinances and state laws attacked by Plaintiff have been fairly and uniformly applied.  Importantly, City of

Euless Code of Ordinances §10-3, Slaughtering Animals and §10-65, Animal Care, were adopted in current form on November 10, 1987, and have been in force continuously since that time. No new rule, regulation or ordinance was adopted by the City of Euless to address any religious practice of Plaintiff or the members of Templo Yorubo Omo Orisha Texas, Inc. Plaintiff moved into his current residence in Euless in 2002, **fifteen years after** the referenced ordinances were adopted. In fact the Euless City officials were totally unaware of the existence of the religion and its practices within Euless until May of 2006 when citizen complaints were received at City Hall. As of today, the City has not taken any enforcement action against Plaintiff.

Plaintiff simply has **not** shown facts that can prove that Euless ordinances or state laws discriminates against Plaintiff's religious practices by refusal to afford him the same exemption from enforcement that it affords secular practices and whether the City discriminates against Plaintiff's religious practices by differential enforcement against secular violators and Plaintiff.

**b.**    **Defendant's Burden of Proof:** To defeat Plaintiff's claim, if Plaintiff meets his burden of proof, the burden of proof shifts to the Defendant to show that the City's discrimination against the plaintiff serve a compelling governmental interest and that the City's discrimination against the Plaintiff is the least restrictive means by which the City can further that compelling governmental interest.

As stated before, the City has not made exemptions to others that it has not made to the Plaintiffs, and further, the City does not enforce the ordinances differently to others than the Plaintiff. Plaintiff has not shown and can not show any facts that would support his position that the ordinances and state laws in question are not applied uniformly throughout the City.

**10.**    _**Plaintiff's pendent cause of action under the Texas Religious Freedom Act, Texas Civil Practices and Remedies Code Chapter 110.**_

H:\Docs\Merced\Trial\Amended Trial Brief.doc

     **a.**     **Plaintiff's Burden of Proof:** To prevail on his claim under the Texas Religious Freedom Act, the Plaintiff must show that the enforcement of the City ordinances in question against the Plaintiff substantially burden the Plaintiff's free exercise of religion.

     Plaintiff sues under Texas Civil Practices and Remedies Code, Chapter 110. The Religious Freedom Act was enacted by the Texas Legislature in 1999 to attempt to provide the perceived rights and protections that the Federal Religious Freedom Restoration Act (RFRA) would have afforded had it not been ruled unconstitutional in *City of Boerne v. Flores,* 521 U.S. 527, 536 (1997).

     Section 110.003(a) of the Religious Freedom Act prohibits a government agency from substantially burdening a person's free exercise of religion. Subsection (a) does not apply, however, if the government agency can demonstrate that the application of burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest. § 110.003(b). "Free exercise of religion" is defined as "an act or refusal to act that is substantially motivated by sincere religious belief." § 110.001(a)(1).

     Here, as previously noted, the Euless ordinances and state laws attacked by Plaintiff serve a compelling governmental interest, and are the least restrictive means of furthering that interest. Further, while Plaintiff can undoubtedly show that the killing of animals is substantially motivated by sincere religious belief, he cannot show that the exercise of his religion has been substantially burdened by the regulations in question. Indeed, the opposite is true. The deposition testimony cited in paragraph 6, above, establish that Santeria ceremonies and rituals involving the killing of animals and subsequent disposal of animal wastes and carcasses can occur virtually anywhere, in any simple enclosed structure with running water. Such exercise

need not occur in a particular place or on particular property.  Therefore, a multitude of permissible venues exist outside of the City limits of the City of Euless.

There are only a few reported cases that involve the Texas Religious Freedom Act.  Three of the five Texas cases regarding the Texas Religious Freedom Act involve procedural issues, and the other two cases involve substantive issues that do not relate to the Merced case.  There are four Federal Court opinions regarding the Act, but three are unpublished and the opinion that is published does not raise the issues of the Act because those complaints were not raised on appeal.  Therefore, there is little precedent that even brings the Act into question.  Finally, no cases are cited after or within the text of the Act in the Civil Practices and Remedies Code.

      1)    *Pastor Rick Barr and Philemon Homes, Inc. v. City of Sinton*, 2005 Tex. App. LEXIS 9847 (Tex. App. – Corpus Christi, 2005).

This is the most instructive case for use here.  In a memorandum opinion, the Court of Appeals stated where "the [city] ordinance precludes Pastor Barr from operating a correctional or rehabilitation facility within 1000 feet of residential areas, schools, parks, recreation areas, and places of worship, which may include most of the city" this does not, in effect, substantially burden Pastor Barr's religious rights.  Pastor Barr is not precluded from providing religious ministry or counsel in other facilities within the city or <u>outside the city</u>.  The ordinance does not violate the Religious Freedom Act."  [Emphasis added.]  Plaintiff Merced is in a similar position as Pastor Barr.  Since location is not an issue, many if not all of the religious practices in which he seeks to participate can be engaged in outside of the City limits of the City of Euless.

      2)    *The Voice of the Cornerstone Church Corporation v. Pizza Property Partners*, 160 S.W.3d 65 (Tex. App. – Austin, 2005).

Where Cornerstone Church asserted that enforcement of a restrictive covenant "violate[d] its right of religious freedom and expression" under the Texas Constitution, but did not raise the

issue of whether the covenant raises the Texas Religious Freedom Act in its pleadings or summary judgment response, the Court has "no occasion...to consider the potential implications of the Act."

>3) *Eric Chen v. Michael Tseng*, 2004 Tex. App. LEXIS 264 (Tex. App. – Houston [1st Dist.] 2004).

Where the trial court only settled matters of property rights as dictated in the by-laws of the Chong Hua Shen Muw Gwung Committee, Inc. (the Corporation), a corporation formed by members of the Tien Tao religion, by applying the by-laws to make a determination of the validity of the selection of directors of the Corporation, the Court did not, in effect, make "a determination of who has the right to minister" or of membership rights within the religion. The Court states that "[t]rial courts are prohibited under the *First Amendment* from interfering in religious or ecclesiastical matters affecting a religious organization." The Court found no violation of the Texas Religious Freedom Act by enforcing the by-laws of the religious-based corporation.

>4) *Gene Guinn v. Texas*, 2001 Tex. App. LEXIS 7748 (Tex. App. – Austin, 2001 [UNPUBLISHED OPINION]).

Where appellant objected at trial to the admission of testimony by a church Bishop and church Stake President on the grounds the testimony violated the Texas Religious Freedom Act, the Court overruled, finding the Family Code abrogated the clergy-communicant privilege in criminal cases involving the sexual abuse of a child. The Court of Appeals issues this memorandum opinion and states that because two therapists gave testimonies that were nearly identical to those of the Bishop and President, any error in admitting the evidence was harmless.

>5) *Christian Academy of Abilene vs. City of Abilene*, 62 S.W.3d 217 (Tex. App. – Eastland 2001)

14

The Texas Religious Freedom Act could not be applied in this case because the cause of action accrued prior to the effective date of the Act; "The Act became effective on August 30, 1999, and this suit was filed in 1998."

**b.    Defendant's Burden of Proof:**    To defeat Plaintiff's claim, if Plaintiff meets his burden of proof, the burden of proof shifts to the Defendant to show that the enforcement of the ordinances in question against the Plaintiff further a compelling governmental interest, and that the enforcement of the ordinances in question against the Plaintiff are the least restrictive means of furthering that compelling governmental interest.

As stated before, no reported case has found a violation of the Texas Religious Freedom Act.   Defendant submits that the reason is simple – local governments rarely engage in discrimination against the free exercise of religion.   The Texas Legislature lacked a sufficient legislative record containing a history of abuses by local governments and government agencies against particular religions or religious practices.   This same lack of sufficient legislative record was one of the key reasons that the Supreme Court overturned the Religious Freedom Restoration Act as being beyond the powers of Congress under Section 5 of the Fourteenth Amendment in *Boerne*.

However, even if the Plaintiff can meet his burden, as previously noted, the Euless ordinances and state laws attacked by Plaintiff are aimed at controlling the number of animals that may be present in a residential neighborhood, and are aimed at controlling animal slaughter for the benefit, welfare and health of the general public.   These ordinances serve a compelling governmental interest, and are the least restrictive means of furthering that interest. Specifically, the protection of public health is one of the paramount compelling governmental interests. *Ex Parte Naylor*, 249 S.W.2d 607, 611 (Tex. Crim. App. 1952) [citing *Miller v.*

*Syracuse*, 80 N.E. 411 (1907); *Odd Fellows' Cemetery Ass'n v. San Francisco*, 73 P. 987, 989 (1903); *Boyd v. City of Sierra Madre,* 183 P. 230 (1919)].   Further, a municipality, when engaged in the exercise of its police powers to protect and further the public health, safety and welfare, is not to be second-guessed by the Courts.

"Courts of this State have held that two considerations determine whether a legislative act is valid under the police power:  (1) whether the act is appropriate and reasonably necessary to accomplish a purpose within the scope of the police power, and (2) whether the ordinance is reasonable by not being arbitrary and unjust or whether the effect on individuals is unduly harsh so that it is out of proportion to the end sought to be accomplished. *Martin v. Wholesome Dairy, Inc.* 437 S.W.2d 586, 591 (Tex. Civ. App. – Austin 1969, writ ref'd n.r.e.).  If there is room for a fair difference of opinion as to the necessity of a legislative enactment . . . on a subject which lies within the police power, the courts will not hold it void." *Robinson v. Crown Cork & Seal Co.*, 2006 Tex. App. Lexis 3717 (Tex. App. – Houston [14[th] Dist.], pet. granted on other grounds, Jan. 2008).

Further, courts are justifiably reluctant to act as super-legislatures and invalidate when reviewing neutral state and local laws of general applicability which are clearly designed to protect the public health and safety.  The Plaintiff's claim under the Texas Religious Freedom Act should be denied.

**WHEREFORE,** Defendant is entitled to judgment on all claims, together with costs of court and reasonable and necessary attorneys fees.

H:\Docs\Merced\Trial\Amended Trial Brief.doc

Respectfully submitted,

**William M. McKamie**

**LAW OFFICES OF**
**WILLIAM M. McKAMIE, P. C.**
13750 San Pedro, Suite 640
San Antonio, Texas 78232
(210) 546-2122
(210) 546-2130 (Facsimile)

By: _____
WILLIAM M. McKAMIE
State Bar No. 13686800

**COUNSEL FOR DEFENDANT**

William Andrew Messer
State Bar No. 13472230
Messer, Campbell & Brady, LLP
6351 Preston Road, Suite 350
Frisco, TX 75034
(972) 424.7200
(972) 424.7244 (Facsimile)

**LOCAL COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on March _____, 2008, a complete and correct copy of the foregoing Defendant's Trial Brief was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure:

John Wheat Gibson                    **Via Fax No. 214-748-8693**
701 Commerce, Suite 800
Dallas, Texas 75202


_____
William M. McKamie

17

Respectfully submitted,

**William M. McKamie**

**LAW OFFICES OF**
**WILLIAM M. McKAMIE, P. C.**
13750 San Pedro, Suite 640
San Antonio, Texas 78232
(210) 546-2122
(210) 546-2130 (Facsimile)

By: _____
WILLIAM M. McKAMIE
State Bar No. 13686800

**COUNSEL FOR DEFENDANT**

William Andrew Messer
State Bar No. 13472230
Messer, Campbell & Brady, LLP
6351 Preston Road, Suite 350
Frisco, TX 75034
(972) 424.7200
(972) 424.7244 (Facsimile)

**LOCAL COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on March 3, 2008, a complete and correct copy of the foregoing Defendant's Trial Brief was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure:

John Wheat Gibson          **Via Fax No. 214-748-8693**
701 Commerce, Suite 800
Dallas, Texas 75202

_____
William M. McKamie