U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 0 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE MERCED, PRESIDENT, | § | |
| TEMPLO YORUBA OMO | § | |
| ORISHA TEXAS, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 4-06CV-891-A |
| | § | |
| THE CITY OF EULESS, | § | |
|     Defendant. | § | |

---

## DEFENDANT'S MOTION FOR JUDGMENT
## RULE 50 (a)

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JOHN H. MCBRYDE:

The City of Euless, Defendant, after Plaintiff has rested its case, files this Motion for Judgment under Rule 50 (a), Federal Rules of Civil Procedure, and shows:

1.    Plaintiff makes two claims of exemption from application of state laws and City ordinances that might in any way restrict the killing of animals in his residence, as such laws (1) infringe upon his rights to religious expression under the First Amendment to the United States Constitution, and (2) burden the free exercise of his religion in violation of the Texas Religious Freedom Act.

2.    Plaintiff further makes an equal protection claim that the City has discriminated against Plaintiff's religious practices by refusal to afford him the same exemption from enforcement that it affords secular practices and whether the City discriminates against Plaintiff's religious practices by differential enforcement against secular violators and Plaintiff.  The basis of Plaintiff's equal protection claim is that the City makes an exception to homeowners by allowing homeowners to kill vermin such as rats, mice and snakes within the City's ETJ.  However,

Plaintiff has failed to offer any proof that such exemption exists and whether the City does not allow the Plaintiff to kill vermin such as rats, mice and snakes within the City's extraterritorial jurisdiction ("ETJ").

3.       Plaintiff has failed to identify specific state laws and City ordinances that he attacks. Further, the City of Euless has taken no civil or criminal enforcement action against Plaintiff or his residence.   During the course of discovery, the City has identified several regulations applicable to the keeping and killing of livestock, the disposal of animal wastes and remains, and animal cruelty.

4.       Plaintiff appears to have attempted to challenge state laws and city ordinances which regulate conduct and which apply throughout the corporate limits of the City of Euless.   Plaintiff seeks to be exempted from laws and ordinances which prohibit the killing and slaughtering of livestock within the City limits, which regulate the use of animals and the disposal of animal wastes and remains.

5.       In paragraph number 15 of the Amended Complaint [docket no. 33], Plaintiff admits that "the language of the statutes upon which Defendant relies is universal. . . ."  City of Euless ordinances cited as examples by Plaintiff in that paragraph are §10-3, Slaughtering Animals and §10-65, Animal Care.

6.       Plaintiff does not allege, and cannot prove, that the City of Euless has the intent to discriminate against any religion.

7.       The deposition testimony of each witness who claims to be a member of Plaintiff's religious group or an adherent of the Santeria religion, has stated unequivocally that the geographical location at which rituals and ceremonies are conducted is unimportant to the exercise of the religion.   Such rituals and ceremonies can be conducted in any suitable structure

where members gather. The use of a particular piece of property in a particular place is not necessary to the exercise of the religion. Such exercise can occur in many different locations and types of places. *See* excerpts from the Oral Deposition of Jonathan Merced, attached to the Motion for Partial Summary Judgment [docket no. 40] as Exhibit "A," (P.9, L.15 – P.11, L.24; P.13, L. 6 – 23; P.15, L.5 – P.17, L.7; P.52, L.19 – P.54, L.8; P.64, L.15 – 22; P.69, L.20 – P.71, L.22 – P.87, L.14 – P.88, L.7; P89, L.25 – P.91, L.1); excerpts from the Oral Deposition of Margaret Donnelly, attached to the Motion for Partial Summary Judgment [docket no. 40) as Exhibit "B," (P.13, L.15 – 25; P.14, L.1-4; P.17, L. 20-25; P.18, L. 1-11); excerpts from the Oral Deposition of Sylvia Merced, attached to the Motion for Partial Summary Judgment [docket no. 40) as Exhibit "C," (P.9; P.10, L.19 – 22; P.11, L. 2-5); excerpts from the Oral Deposition of Omar Osuna, attached to the Motion for Partial Summary Judgment [docket no. 40) as Exhibit "D," (P.8, L.16 – 18; P.11, L.5-21; P.55, L.11 – P.56, L.7; P.48, L.10 – P.49, L.7; P.60, L.13 – P.61, L.1; P.67, L.7 – P.68, L.5); and excerpts from the Oral Deposition of Ventura Santana, attached to the Motion for Partial Summary Judgment [docket no. 40) as Exhibit "E," (P.6, L.10 – P.7, L.25; P.16, L.20 – P.19, L.25; P.23, L.20 – P.24, L.8; P.43, L.10 – 23; P.45, L.3 – P.46, L.9; P.48, L.15 – P.50, L.5; P.66, L.11 – 25; P.75, L.16 – P.76, L.16).

## A.    ARGUMENTS & AUTHORITIES

8.    Plaintiff's claims fail entirely. The First Amendment claim fails under the test and analysis required by *Employment Division v. Smith*, 494 U.S. 872 (1990). The Texas Religious Freedom Act fails because there has been no substantial burden upon the free exercise of religion, the governmental interests served by the regulations in question are legitimate and compelling, and the means employed to serve those governmental interests are furthered by the least restrictive means, and the City's accommodation to Plaintiff is legally adequate.

9.    *__The First Amendment Claim, 42 USC §§ 1981, 1983, 1988__*

a.    **Plaintiff's Burden of Proof:**  Whether the enforcement of the ordinances in question against the Plaintiff burden his free exercise of religion.

10.    A municipality, when engaged in the exercise of its police powers to protect and further the public health, safety and welfare, is not to be second-guessed by the Courts.

"Courts of this State have held that two considerations determine whether a legislative act is valid under the police power:  (1) whether the act is appropriate and reasonably necessary to accomplish a purpose within the scope of the police power, and (2) whether the ordinance is reasonable by not being arbitrary and unjust or whether the effect on individuals is unduly harsh so that it is out of proportion to the end sought to be accomplished. *Martin v. Wholesome Dairy, Inc.* 437 S.W.2d 586, 591 (Tex. Civ. App. – Austin 1969, writ ref'd n.r.e.).  If there is room for a fair difference of opinion as to the necessity of a legislative enactment . . . on a subject which lies within the police power, the courts will not hold it void." *Robinson v. Crown Cork & Seal Co.*, 2006 Tex. App. Lexis 3717 (Tex. App. – Houston [14th Dist.], pet. granted on other grounds, Jan. 2008).

"This case does not present, and I therefore decline to reach, the question whether the Free Exercise Clause would require a religious exemption from a law that sincerely pursued the goal of protecting animals from cruel treatment." *Lukumi*, 508 U.S. at 580 (concurring opinion).

11.    Plaintiff seeks an injunction against any City ordinance that interferes with the free exercise of his religion.  Which ordinances?  What religious practices does Plaintiff seek to protect from interference?  It is abundantly clear that Plaintiff seeks a universal exemption from the enforcement of any ordinance or law that he does not wish to obey.  How could the City know which ordinances the Plaintiff finds objectionable?  Would the Plaintiff's mere claim of

exemption from enforcement of an ordinance be sufficient to prevent such enforcement? Or would the City be entitled (or required) to determine whether the Plaintiff's claim of exemption has merit – that is, whether the subject practice is central to his religion and necessary to its exercise? Such an inquiry by the City in any case not only invites violation of the First Amendment's proscription on government entanglement with religion, it would guarantee it.

12. *See also*, generally, the concurring opinion of Justice Stevens in *City of Boerne v. Flores,* 521 U.S. 527, 536 (1997), and the concurring opinion of Justice Scalia, joined by Justice Stevens, *Boerne*, 521 U.S. at 537. [Note: the undersigned was trial counsel before Judge Bunton and on the Fifth Circuit Brief for the City of Boerne].

13. Defendant has not burdened Plaintiff's religion because the only ordinances and state laws which would prohibit the slaughtering of goats and chickens which is essential to the practice of Plaintiff's religion do not prohibit Plaintiff from slaughtering goats outside the City's corporate limits and in the City's extraterritorial jurisdiction ("ETJ") and further, the ordinances in question allow the Plaintiff to slaughter chickens and table fare inside the city limits.

14. The Supreme Court has clearly distinguished between the regulation of religious belief and regulation of religious conduct. *Reynolds v. United States*, 98 U.S. 145 (1878). "Thus the Amendment embraces two concepts, freedom to believe and freedom to act. The first is absolute but, in the nature of things, the second cannot be. **Conduct remains subject to regulation for the protection of society.**" *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940) [citing *Reynolds*]. "It is equally clear that a State may by general and nondiscriminatory legislation regulate the times, the places, and the manner of soliciting upon its streets, and of holding meetings thereon; and may in other respects safeguard the peace, good order and comfort of the

community, without unconstitutionally invading the liberties protected by the Fourteenth Amendment." *Cantwell*, 310 U.S. at 304.

15.     In 1990, once and for all, the Supreme Court clearly established the constitutional test applicable to free exercise challenges.  This new analysis first determines whether the law regulates conduct in a neutral and generally applicable way.  If so, the government need only justify the law with a legitimate public interest. *Employment Division v. Smith*, 494 U.S. 892 (1990).  The Court reasoned that if the Free Exercise Clause required the government to defend regulations burdening religious conduct with a compelling interest, each citizen was given a private right to ignore generally applicable laws.  **Effectively, each individual would then be a law unto themselves.** *Smith,* 494 U.S. at 884.

16.     The City ordinances at issue in this case are aimed at controlling the number of animals that may be present in a residential neighborhood, and are aimed at controlling animal slaughter for the benefit, welfare and health of the general public.  The City ordinances at issue in this case do not prohibit Plaintiff from practicing his religion outside the City limits and within the City's ETJ.  Further, Section 10-65 of the City of Euless animal control ordinance states that "it is unlawful for a person to kill any animal, bird or fowl, except domesticated fowl considered as general table fare such as chicken or turkey, within the City."  This means that Plaintiff can slaughter goats outside the City's corporate limits and can slaughter table fare inside the City limits and the ordinances in question do not burden his exercise of his religion.

17.     Therefore, since the ordinances at issue were passed for the welfare and health of the general public and more importantly, Plaintiff can practice his religion **without violating** any of the City ordinances, Defendant has not burdened Plaintiff's free exercise of religion.

18.    *Plaintiffs First Amendment and Equal Protection Clause Claim, 42 USC §§ 1981,*
*1983, 1988, and Amendment 14*

a.      **Plaintiff's Burden of Proof:** Whether the City discriminates against Plaintiff's religious practices by refusal to afford him the same exemption from enforcement that it affords secular practices and whether the City discriminates against Plaintiff's religious practices by differential enforcement against secular violators and Plaintiff.

19.    Plaintiff cannot meet his burden in this case. Specifically, Plaintiff has not shown any facts that would support his position that the ordinances and state laws in question are not applied uniformly throughout the City. Further, Plaintiff has failed to show any facts that would support his position that the city allows exemptions to other citizens in the city tat it does not allow Plaintiff. The City ordinances at issue in this case are aimed at controlling the number of animals and the resulting blood, carcasses and wastes that may be present in a residential neighborhood, and are aimed at controlling animal slaughter for the benefit, welfare and health of the general public. Further, the City ordinances and state laws attacked by Plaintiff have been fairly, uniformly and neutrally applied.

20.    The basis of Plaintiff's Equal Protection claim is that the City makes exceptions to enforcement of the City ordinances in question. Specifically, Plaintiff alleges that the City allows homeowners in the city to kill vermin such as rats, mice, and snakes. Further, Plaintiff claims that the City does not allow the Plaintiff to kill vermin such as rats, mice and snakes which it allows other homeowners.

21.    Plaintiff's equal protection claim fails for two reasons. First, Plaintiff has not shown any evidence that the killing of vermin such as rats, mice and snakes is essential to their religious

practices.  Second, Plaintiff has failed to show that the City makes exceptions to the ordinances in question to other homeowners.  Specifically, Plaintiff has failed to show any evidence that other homeowners are allowed to kill goats, cows, and sheep or other hoofed animals within the city limits.  Third, Plaintiff has shown no evidence that the Plaintiff is afforded different treatment with regards to vermin such as rats, mice, and snakes.  Specifically, Plaintiff has failed to show evidence that Plaintiff is treated differently than other homeowners with regards to vermin control.

22.   Plaintiff simply has **not** shown facts that can prove that Euless ordinances or state laws discriminates against Plaintiff's religious practices by refusal to afford him the same exemption from enforcement that it affords secular practices and whether the City discriminates against Plaintiff's religious practices by differential enforcement against secular violators and Plaintiff.

**23.**   *Plaintiff's pendent cause of action under the Texas Religious Freedom Act, Texas Civil Practices and Remedies Code Chapter 110.*

   **a.**   **Plaintiff's Burden of Proof:** To prevail on his claim under the Texas Religious Freedom Act, the Plaintiff must show that the enforcement of the City ordinances in question against the Plaintiff substantially burden the Plaintiff's free exercise of religion.

24.   Plaintiff sues under Texas Civil Practices and Remedies Code, Chapter 110.   The Religious Freedom Act was enacted by the Texas Legislature in 1999 to attempt to provide the perceived rights and protections that the Federal Religious Freedom Restoration Act (RFRA) would have afforded had it not been ruled unconstitutional in *City of Boerne v. Flores,* 521 U.S. 527, 536 (1997).

25.   Section 110.003(a) of the Religious Freedom Act prohibits a government agency from substantially burdening a person's free exercise of religion.   Subsection (a) does not apply,

however, if the government agency can demonstrate that the application of burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest.  § 110.003(b).  "Free exercise of religion" is defined as "an act or refusal to act that is substantially motivated by sincere religious belief."  § 110.001(a)(1).

26.    Here, as previously noted, the Euless ordinances and state laws attacked by Plaintiff serve a compelling governmental interest, and are the least restrictive means of furthering that interest. Further, while Plaintiff can undoubtedly show that the killing of animals is substantially motivated by sincere religious belief, he cannot show that the exercise of his religion has been substantially burdened by the regulations in question.  Indeed, the opposite is true.  The deposition testimony cited in paragraph 6, above, establish that Santeria ceremonies and rituals involving the killing of animals and subsequent disposal of animal wastes and carcasses can occur virtually anywhere, in any simple enclosed structure with running water.  Such exercise need not occur in a particular place or on particular property.  Therefore, a multitude of permissible venues exist outside of the City limits of the City of Euless.  Plaintiff has wholly failed to prove otherwise.

27.    There are only a few reported cases that involve the Texas Religious Freedom Act.  Three of the five Texas cases regarding the Texas Religious Freedom Act involve procedural issues, and the other two cases involve substantive issues that do not relate to the Merced case.  There are four Federal Court opinions regarding the Act, but three are unpublished and the opinion that is published does not raise the issues of the Act because those complaints were not raised on appeal.  Therefore, there is little precedent that even brings the Act into question.  Finally, no cases are cited after or within the text of the Act in the Civil Practices and Remedies Code.

1)   *Pastor Rick Barr and Philemon Homes, Inc. v. City of Sinton*, 2005 Tex. App. LEXIS 9847 (Tex. App. – Corpus Christi, 2005).

28.   This is the most instructive case for use here.  In a memorandum opinion, the Court of Appeals stated where "the [city] ordinance precludes Pastor Barr from operating a correctional or rehabilitation facility within 1000 feet of residential areas, schools, parks, recreation areas, and places of worship, which may include most of the city" this does not, in effect, substantially burden Pastor Barr's religious rights.  Pastor Barr is not precluded from providing religious ministry or counsel in other facilities within the city or <u>outside the city</u>.  The ordinance does not violate the Religious Freedom Act."  [Emphasis added.]  Plaintiff Merced is in a similar position as Pastor Barr.  Since location is not an issue, many if not all of the religious practices in which he seeks to participate can be engaged in outside of the City limits of the City of Euless.

2)   *The Voice of the Cornerstone Church Corporation v. Pizza Property Partners*, 160 S.W.3d 65 (Tex. App. – Austin, 2005).

29.   Where Cornerstone Church asserted that enforcement of a restrictive covenant "violate[d] its right of religious freedom and expression" under the Texas Constitution, but did not raise the issue of whether the covenant raises the Texas Religious Freedom Act in its pleadings or summary judgment response, the Court has "no occasion…to consider the potential implications of the Act."

3)   *Eric Chen v. Michael Tseng*, 2004 Tex. App. LEXIS 264 (Tex. App. – Houston [1st Dist.] 2004).

30.   Where the trial court only settled matters of property rights as dictated in the by-laws of the Chong Hua Shen Muw Gwung Committee, Inc. (the Corporation), a corporation formed by members of the Tien Tao religion, by applying the by-laws to make a determination of the validity of the selection of directors of the Corporation, the Court did not, in effect, make "a

determination of who has the right to minister" or of membership rights within the religion. The Court states that "[t]rial courts are prohibited under the *First Amendment* from interfering in religious or ecclesiastical matters affecting a religious organization." The Court found no violation of the Texas Religious Freedom Act by enforcing the by-laws of the religious-based corporation.

        4)     *Gene Guinn v. Texas*, 2001 Tex. App. LEXIS 7748 (Tex. App. – Austin, 2001 [UNPUBLISHED OPINION]).

31.    Where appellant objected at trial to the admission of testimony by a church Bishop and church Stake President on the grounds the testimony violated the Texas Religious Freedom Act, the Court overruled, finding the Family Code abrogated the clergy-communicant privilege in criminal cases involving the sexual abuse of a child. The Court of Appeals issues this memorandum opinion and states that because two therapists gave testimonies that were nearly identical to those of the Bishop and President, any error in admitting the evidence was harmless.

        5)     *Christian Academy of Abilene vs. City of Abilene*, 62 S.W.3d 217 (Tex. App. – Eastland 2001)

32.    The Texas Religious Freedom Act could not be applied in this case because the cause of action accrued prior to the effective date of the Act; "The Act became effective on August 30, 1999, and this suit was filed in 1998."

33.    No reported case has found a violation of the Texas Religious Freedom Act. Defendant submits that the reason is simple – local governments rarely engage in discrimination against the free exercise of religion. The Texas Legislature lacked a sufficient legislative record containing a history of abuses by local governments and government agencies against particular religions or religious practices. This same lack of sufficient legislative record was one of the key reasons

that the Supreme Court overturned the Religious Freedom Restoration Act as being beyond the powers of Congress under Section 5 of the Fourteenth Amendment in *Boerne*.

34.     Further, courts are justifiably reluctant to act as super-legislatures and invalidate when reviewing neutral state and local laws of general applicability which are clearly designed to protect the public health and safety.  The Plaintiff's claim under the Texas Religious Freedom Act should be denied.

**WHEREFORE,** Defendant is entitled to judgment on all claims, together with costs of court and reasonable and necessary attorneys fees.

Respectfully submitted,

**William M. McKamie**

**LAW OFFICES OF**
**WILLIAM M. McKAMIE, P. C.**
13750 San Pedro, Suite 640
San Antonio, Texas 78232
(210) 546-2122
(210) 546-2130 (Facsimile)

By:   WILLIAM M. McKAMIE
State Bar No. 13686800

**COUNSEL FOR DEFENDANT**

William Andrew Messer
State Bar No. 13472230
Messer, Campbell & Brady, LLP
6351 Preston Road, Suite 350
Frisco, TX 75034
(972) 424.7200
(972) 424.7244 (Facsimile)

**LOCAL COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served according to the Federal Rules of Civil Procedure, via hand delivery to all parties of record and the Court on this the _10_ day of March, 2008.

WILLIAM M. McKAMIE