```
              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION
```

JOSE MERCED, PRESIDENT,         §
TEMPLO YORUBA OMO               §
ORISHA TEXAS INC.,              §
                                §
          Plaintiff,            §
                                §
VS.                             §   NO. 4:06-CV-891-A
                                §
THE CITY OF EULESS,             §
                                §
          Defendant.            §

## ORDER

After having considered the motion, as amended,[1] of defendants, The City of Euless, Kurt Kasson, Mike Collins, and Bob Freeman,[2] for attorney's fees, the court has concluded that such motion should be denied.

Defendants' request for recovery of attorney's fees is based on the provisions of 42 U.S.C. § 1988(b), which authorizes the court to allow the prevailing party a reasonable attorney's fee as part of the costs in actions to enforce, inter alia, 42 U.S.C. §§ 1981 and 1983 and the Religious Land Use and Institutionalized

---

[1] Defendants filed their motion for attorney's fees on the fourteenth day after entry on March 10, 2008, of the final judgment denying plaintiff recovery from defendant The City of Euless. The motion was amended by a document filed on April 15, 2008, which appears to be identical to the originally-filed document, except for the addition of a paragraph 14 seeking recovery of costs and expenses and the addition of several exhibits. The appearance is that defendant The City of Euless simply transferred from its bill of costs to this motion for attorney's fees the expense items it had included in the bill of costs that were rejected by the court in the order signed April 9, 2008.

[2] The claims against defendants Kurt Kasson, Mike Collins, and Bob Freeman were dismissed by a final judgment as to certain parties signed June 13, 2007, by reason of the court's conclusion that plaintiff had not asserted claims against any of them for which relief could be granted. June 13, 2007, order at 3-4.

Persons Act of 2000 ("RLUIPA") (42 U.S.C. § 2000cc). The first step in determining whether attorney's fees may properly be awarded under § 1988(b) is to identify the party seeking the fees as plaintiff or defendant. U.S. v. State of Miss., 921 F.2d 604, 609 (5th Cir. 1991). The defendant in a proceeding covered by § 1988(b) may recover attorney's fees from the plaintiff only if the court finds that the action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. Hughes v. Rowe, 449 U.S. 5, 14 (1980) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). See also Mylett v. Jeane, 910 F.2d 296, 299 (5th Cir. 1990). Stated another way: "The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for assessment of fees." Hughes, 449 U.S. at 15-16.

The fact that the plaintiff's unsuccessful claim deserved and received the careful consideration of the district court is a factor indicating that denial of a claim for attorney's fees is appropriate. Hughes, 449 U.S. at 15-16. As the Fifth Circuit explained in State of Mississippi:

> While plaintiffs prevailing under 42 U.S.C. § 1988 are entitled to attorneys' fees unless special circumstances would render an award unjust, prevailing defendants are entitled to attorney fees *only* when a plaintiff's underlying claim is frivolous, unreasonable, or groundless. We review frivolity by asking whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful. The factors important to frivolity determinations are (1) whether plaintiff

2

> established a prima facie case, (2) whether the
> defendant offered to settle, and (3) whether the
> district court dismissed the case or held a full-blown
> trial.

921 F.2d at 609 (citations omitted). In Myers v. City of W. Monroe, 211 F.3d 289 (5th Cir. 2000), the Fifth Circuit held that the district court abused its discretion in finding that claims that were allowed to go to trial, and were denied after a complete trial, were frivolous. Id. at 293.

With the exception of plaintiff's claim under the RLUIPA, all claims asserted by plaintiff against The City of Euless survived through trial. None of the surviving claims were so meritless that the court was willing to rule against plaintiff as a matter of law until after completion of trial. While plaintiff's claims were ultimately unsuccessful, the court cannot conclude that they were so lacking in merit that they were groundless. Thus, under Supreme Court and Fifth Circuit precedent, the court concludes that the motion of defendants for attorney's fees should be denied.

The court now briefly touches on other reasons why the motion would be denied even if the claims of plaintiff were of such poor quality that the court would be authorized under the authorities discussed above to assess attorney's fees against plaintiff. First and foremost, defendants fail to provide the court information that would enable the court to make the kind of analysis contemplated by Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). The twelve factors established in Johnson that district courts must consider in

deciding the amount of attorney's fees to award a prevailing party apply to an application for attorney's fees under § 1988. Cobb v. Miller, 818 F.2d 1227, 1230-31 (5th Cir. 1987); Brantley v. Surles, 804 F.2d 321, 325 (5th Cir. 1986). While the Johnson factors typically are applied in cases where the plaintiff is the prevailing party, the Fifth Circuit has ruled that they apply as well when the defendant is the prevailing party. Sidag Aktiengesellschaft v. Smoked Foods Prod. Co., Inc., 960 F.2d 564, 566 (5th Cir. 1992).

Moreover, defendants do not appear to have exercised billing judgment in preparing and presenting their claim, as Fifth Circuit precedent requires. Saizan v. Delta Concrete Prod. Co., Inc., 448 F.3d 795, 799 (5th Cir. 2006). The motion and its attachments are so uninformative on the matter of billing judgment that the court would have a virtually impossible task in making an appropriate downward adjustment in the claim. While the court recognizes that it may consider its own knowledge and experience in making the determination of the amount of reasonable attorney's fees (see Davis v. Nat'l Med. Enter., Inc., 253 F.3d 1314, 1322 n.12 (11th Cir. 2001)), the information provided in and with the motion would make such an exercise difficult in this case. Moreover, the itemization of services rendered attached to the motion appears to include services rendered in connection with claims outside the scope of

4

§ 1988(b), and there is no segregation that would enable the court to exclude the fees related to those services from consideration.[3]

For the reasons given above,

The court ORDERS that defendants' motion, as amended, be, and is hereby, denied.

SIGNED April 23, 2008.

                                                                                s/John McBryde
                                                                                JOHN McBRYDE
                                                                                United States District Judge

---

[3] Included in the claims that went to trial was a state law claim that would not be covered by § 1988(b). Presumably the itemization attached to the motion includes services rendered for defendants Kurt Kasson, Mike Collins, and Bob Freeman. However, a motion by them for recovery of attorney's fees came much too late for the court to consider. The final judgment as to those defendants was entered in June 2007. That judgment was made final by the recitation in the judgment, as contemplated by Rule 54(b) of the Federal Rules of Civil Procedure, that "[t]he court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against defendants Kurt Kasson, Mike Collins, and Bob Freeman." June 13, 2007 Final J. as to Certain Defs. If Kurt Kasson, Mike Collins, or Bob Freeman wished to move for recovery of attorney's fees, they were obligated by Rule 54(d)(2)(B) to do so within fourteen days after the final judgment was entered in June 2007.

5