No. 08-10358

undisputed that Merced conducted animal sacrifices for sixteen years in Euless without incident.

In their briefs, the parties dwell at length on the health implications of carcass disposal even though, as noted above, the disposal ordinance is not one that prevents Merced's activities. And the city admits, based on these unchallenged findings, that Merced's method of disposal—placing the remains in dumpters or trash cans after double-bagging them[17]—is both lawful and sanitary. Even including disposal within the ken of activities relevant to Euless's stated interests, the above findings eviscerate any possibility of meeting *Barr's* particularity requirement. The city has absolutely no evidence that *Merced's* religious conduct undermined any of its interests. Euless's experts did testify that the city's interests would be harmed by activities like those Merced performs,[18] but this general testimony does not vitiate the stipulated facts respecting Merced's practice,[19] and the government bears the burden at this stage to prove its interests are harmed. *Cf. O Centro*, 546 U.S. at 428–29 (upholding under RFRA the issuance of a preliminary injunction when the evidence equally supported harm to the plaintiff's religious practice and to the government's asserted interests when the government bore the burden of proof). Again, we are not concerned with keeping, killing, and disposing of animals in the abstract, but with balancing the government's interests with the particular

---

[17] We reiterate that the deposition summary of an Euless witness to the contrary is irrelevant in light of the agreed facts approved by the district court.

[18] One of Euless's experts opined that if the keeping and killing of several dozen animals was "allowed all over the city, it would certainly lower the bar of public health." The only evidence of numbers, however, is that there are five Santeria priests in Euless. The danger of allowing them to sacrifice four-legged animals because everyone in Euless will do it appears, like the report of Mark Twain's death, greatly exaggerated.

[19] *See Barr*, 2009 WL 1712798 at *14 (noting that Sinton failed to cite a single study or experience with halfway houses to justify its ban on them). Here, Euless does not cite any studies or experiences with the Santeria religion in support of its ordinances.

No. 08-10358

practice at issue. Merced has performed these sacrifices for sixteen years without creating health hazards or unduly harming any animals.

Euless argues that *O Centro* stands for the proposition that the government cannot refuse to exempt one kind of religious conduct when it already exempts a similar kind of religious conduct; that is, it cannot discriminate between similar practices. We note several exceptions that undermine Euless's public health interest regarding the consumption of uninspected meat and disposal of carcasses. First, Texas law exempts from inspection requirements the slaughter and consumption of meat for the personal use of the livestock's owner, his family, and his non-paying guests. Tex. Health & Safety Code § 433.006(a). Also, Euless permits hunters to bring dead animals into the city, butcher and consume them, and dispose of the unwanted portions. Such exceptions weaken Euless's asserted interests. *See Lukumi*, 508 U.S. at 546–47 ("Where government restricts only conduct protected by the First Amendment and fails to enact feasible measures to restrict other conduct producing substantial harm or alleged harm of the same sort, the interest given in justification of the restriction is not compelling.").[20]

The city denies that these and other exceptions fall into the same category as allowing a citizen to briefly keep and kill dozens of animals at one time. But the difference is one of degree and not one of kind. The keeping, slaughter, and disposal of a small number of fowl on a regular basis, which Euless permits, over time has the same corrosive effect on the city's interests as infrequent sacrifices

---

[20] Merced also points to various exceptions to Euless's killing ban, including the killing of fowl and vermin, which likewise weaken the city's interests. Even though the city's manager admitted that killing of four-legged animals is not an evil in itself, *see* 7 U.S.C. § 1902(b) (describing the slaughter technique used by Merced, severing the carotid arteries with a sharp instrument, as humane), it is still prohibited.

23

No. 08-10358

of a larger number of animals.[21] The city's experts did not explain any public health rationale behind the differing treatments afforded different animals. The ordinances allow the killing of several large fowl, like turkeys, but forbid the killing of even a single goat. Also, a hunter could presumably bring home as many deer as he could legally shoot and butcher them without running afoul of any ordinance.

The balancing of interests is difficult. To carry its burden of proof, a government's asserted interest must be particularly directed to the conduct at issue. In answering this legal question, we are persuaded that, on this record, the scales tip in favor of Merced. Thus, we hold that Euless has failed to assert a compelling governmental interest in support of its ordinances that burden Merced's religious conduct.

D.    *Least Restrictive Means*

Even if Euless marshaled a compelling governmental interest in its favor, it must also prove that its chosen regulatory method is the least restrictive means of furthering that interest. Euless does not expend much effort on that score, arguing that it does not totally ban the killing of all animals, and thus implements a less restrictive alternative. But it does entirely ban the killing of goats, sheep, and turtles, which is necessary to initiate a Santeria priest. And TRFRA requires the *least* restrictive means, not merely less than a complete ban. *See* Tex. Civ. Prac. & Rem. Code § 110.003(b)(2); *cf. United States v. Playboy Entm't Group, Inc.*, 529 U.S. 803, 813 (2000) ("If a less restrictive alternative would serve the Government's purpose, the legislature must use that alternative.").

Merced proposes no fewer than three less restrictive alternatives to Euless's current scheme. For purposes of illustration, one will do. Euless could

---

[21] Merced testified that he has typically performed sacrifices of four-legged animals about once a year.

24

No. 08-10358

create a permit system whereby Santeria adherents comply with conditions designed to safeguard the city's interests (e.g., reasonable limitations on the time the animals can be kept before the killings) and in return are allowed to sacrifice animals as dictated by their religion. Euless does not rebut any of Merced's alternatives; it does not even try. Thus, as an alternative to our holding that Euless failed to identify a compelling interest, we hold that the Euless ordinances that burden Merced's religious free exercise are not the least restrictive means of advancing the city's interests.

E.    *Attorney Fees*

Euless moved in the district court for an award under 42 U.S.C. § 1988 of its attorney fees incurred in defending this action. Section 1988 allows district courts, in their discretion, to award fees to the prevailing party for actions brought under, among others, 42 U.S.C. § 1983, RLUIPA, and RFRA. § 1988(b). While prevailing plaintiffs are usually entitled to such fees, "prevailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless." *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998). We review the district court's decision for abuse of discretion. *Id.* at 1052.

As is plain from our resolution of the merits, Merced's case is not only non-frivolous, it is meritorious and prevailing. Because Euless is not a prevailing party on the TRFRA claim, it is not entitled to attorney fees under § 1988.[22] The district court granted Euless's motion for summary judgment regarding Merced's RLUIPA claim, but that fact alone does not mean it was frivolous, *id.* at 1053, and Euless offers no additional reasons to deem it so. Thus, we hold the district court did not abuse its discretion in denying Euless's request. Merced did not request attorney fees as allowed by TRFRA, Tex. Civ.

---

[22] Because we do not reach Merced's constitutional claims, we do not discuss attorney fees in relation to them.

25

No. 08-10358

Prac. & Rem. Code § 110.005(a)(4), or § 1988 in the district court nor has he requested them on appeal. Accordingly, we do not award any.

### III. CONCLUSION

Because we conclude that Merced is entitled under TRFRA to an injunction preventing Euless from enforcing its ordinances that burden his religious practice of sacrificing animals, *see* Tex. Civ. Prac. & Rem. Code § 110.005(a)(2), we do not reach his claims under the First and Fourteenth Amendments. For the foregoing reasons, we REVERSE the district court's judgment respecting Merced's TRFRA claim, we AFFIRM the district court's denial of attorney fees, and REMAND for further proceedings consistent with this opinion.

49

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

## BILL OF COSTS

**NOTE: The Bill of Costs is due in this office *within 14 days from the date of the opinion, See* FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.**

_____ v. _____    No. _____

The Clerk is requested to tax the following costs against:

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | |
|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($450.00) | | | | | | | | |
| Appendix or Record Excepts | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | | | | | | | | |
| Other: | | | | | | | | |
| | | | Total $ _____ | | Costs are taxed in the amount of $ _____ | | | |

Costs are hereby taxed in the amount of $ _____ this _____ day of _____, _____.

State of _____

County of _____

CHARLES R. FULBRUGE III, CLERK

By _____

Deputy Clerk

I, _____, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This _____ day of _____, _____.

_____
(Signature)

_____
Attorney for

*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS

50

*FIFTH CIRCUIT RULE 39*

**39.1 Taxable Rates.** The cost of reproducing necessary copies of the brief, appendices, or record excerpts shall be taxed at a rate not higher than $0.15 per page, including cover, index, and internal pages, for any fee of reproduction costs. The cost of the binding required by 5TH Cir. R. 32.2.3that mandates that briefs must lie reasonably flat when open shall be a taxable cost but not limited to the foregoing rate. This rate is intended to approximate the current cost of the most economical acceptable method of reproduction generally available, and the clerk shall, at reasonable intervals, examine and review it to reflect current rates. Taxable costs will be authorized for up to 15 copies for a brief and 10 copies of an appendix or record excerpts, unless the clerk gives advance approval for additional copies.

**39.2 Nonrecovery of Mailing and Commercial Delivery Service Costs.** Mailing and commercial delivery fees incurred in transmitting briefs are not recoverable as taxable costs.

**39.3 Time for Filing Bills of Costs.** The clerk must receive bills of costs and any objections within the times set forth in FED. R. APP. P. 39(D). See 5TH CIR. R. 26.1.

**FED. R. APP. P. 39.      COSTS**

**(a) Against Whom Assessed.** The following rules apply unless the law provides or the court orders otherwise;

(1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;

(2) if a judgment is affirmed, costs are taxed against the appellant;

(3) if a judgment is reversed, costs are taxed against the appellee;

(4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

**(b) Costs For and Against the United States.** Costs for or against the United States, its agency or officer will be assessed under Rule 39(a) only if authorized by law.

**©) Costs of Copies** Each court of appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by rule 30(f). The rate must not exceed that generally charged for such work in the area where the clerk's office is located and should encourage economical methods of copying.

**(d) Bill of costs; Objections; Insertion in Mandate.**

(1) A party who wants costs taxed must – within 14 days after entry of judgement – file with the circuit clerk, with proof of service, an itemized and verified bill of costs.

(2) Objections must be filed within 10 days after service of the bill of costs, unless the court extends the time.

(3) The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the mandate issues before costs are finally determined, the district clerk must – upon the circuit clerk's request – add the statement of costs, or any amendment of it, to the mandate.

**(e) Costs of Appeal Taxable in the District Court.** The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

(1) the preparation and transmission of the record;

(2) the reporter's transcript, if needed to determine the appeal;

(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and

(4) the fee for filing the notice of appeal.

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

July 31, 2009

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW

Regarding:   Fifth Circuit Statement on Petitions for Rehearing or
             Rehearing En Banc

    No. 08-10358, Merced v. City of Euless, et al
       USDC No. 4:06-CV-891
       USDC No. 4:06-CV-891
    --------------------------------------------------

Enclosed is a copy of the court's decision.   The court has
entered judgment under FED. R. APP. P. 36.   (However, the opinion
may yet contain typographical or printing errors which are
subject to correction.)

FED. R. APP. P. 39 through 41, and 5TH CIR. RULES 35, 39, and 41
govern costs, rehearings, and mandates.   **5TH CIR. RULES 35 and 40
require you to attach to your petition for panel rehearing or
rehearing en banc an unmarked copy of the court's opinion or
order.**   Please read carefully the Internal Operating Procedures
(IOP's) following FED. R. APP. P. 40 and 5TH CIR. R. 35 for a
discussion of when a rehearing may be appropriate, the legal
standards applied and sanctions which may be imposed if you make
a nonmeritorious petition for rehearing en banc.

<u>Direct Criminal Appeals</u> .   5TH CIR. R. 41 provides that a motion
for a stay of mandate under FED. R. APP. P. 41 will not be
granted simply upon request.   The petition must set forth good
cause for a stay or clearly demonstrate that a substantial
question will be presented to the Supreme Court.   Otherwise, this
court may deny the motion and issue the mandate immediately.

<u>Pro Se Cases</u> .   If you were unsuccessful in the district court
and/or on appeal, and are considering filing a petition for
<u>certiorari</u>  in the United States Supreme Court, you do not need
to file a motion for stay of mandate under FED. R. APP. P. 41.
The issuance of the mandate does not affect the time, or your
right, to file with the Supreme Court.

The judgment entered provides that Appellee City of Euless pay to
Appellant Jose Merced the costs on appeal.

                CHARLES R. FULBRUGE III, Clerk

                By: *James Richey*
                James R. Cherange, Deputy Clerk

Enclosures
Mr. Bradford Eugene Bullock
Mr. Luke W Goodrich
Mr. William Michael McKamie
Mr. Eric Rassbach
Ms. Hannah C Smith
Ms. Lori Halstead Windham



Exhibit E

**General Docket**
**United States Court of Appeals for the 5th Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 08-10358 | **Docketed:** 04/22/2008 |
| **Nature of Suit:** 3440 Other Civil Rights | **Termed:** 07/31/2009 |
| Merced v. City of Euless, et al | |
| **Appeal From:** Northern District of Texas, Fort Worth | |

**Case Type Information:**
 1) Civil Rights
 2) Private
 3)

**Originating Court Information:**
   **District:** 0539-4 : 4:06-CV-891
   **Court Reporter:** Eileen M Brewer, Court Reporter
   **Trial Judge:** John H. McBryde, U.S. District Judge
   **Date Filed:** 12/22/2006

| | |
|---|---|
| **Date NOA Filed:** | **Date Rec'd COA:** |
| 04/09/2008 | 04/10/2008 |

**Prior Cases:**
   None

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Consolidated | | | | |
| | 08-10358 | 08-10506 | 06/09/2008 | |

**Panel Assignment:**
   **Panel:** RHB    JLD    JWE
   **Date of Hearing:** 04/01/2009    **Date of Decision:** 07/31/2009    **Date Completed:** 07/31/2009

| | |
|---|---|
| JOSE MERCED, President, Templo Yoruba Omo Orisha Texas Inc<br>    Plaintiff - Appellant | Eric Rassbach<br>Direct: 202-955-0095<br>Email: erassbach@becketfund.org<br>Fax: 202-955-0090<br>[COR LD NTC Retained]<br>Becket Fund for Religious Liberty<br>Suite 605<br>1350 Connecticut Avenue NW<br>Washington, DC 20036-0000<br><br>Luke W. Goodrich<br>Direct: 202-349-7216<br>Email: lgoodrich@becketfund.org<br>Fax: 202-955-0090<br>[COR NTC Retained]<br>Becket Fund for Religious Liberty<br>Suite 605<br>1350 Connecticut Avenue NW<br>Washington, DC 20036-0000<br><br>Hannah C. Smith<br>Direct: 202-955-0095<br>Email: hsmith@becketfund.org<br>Fax: 202-955-0090<br>[COR NTC Retained]<br>Becket Fund for Religious Liberty<br>Suite 605<br>1350 Connecticut Avenue NW<br>Washington, DC 20036-0000<br><br>Lori Halstead Windham<br>Direct: 202-955-0095<br>Email: lwindham@becketfund.org<br>Fax: 202-955-0090<br>[COR NTC Retained]<br>Becket Fund for Religious Liberty<br>Suite 605 |

53

1350 Connecticut Avenue NW
Washington, DC 20036-0000

v.

KURT KASSON
      Defendant - Appellee

William Michael McKamie
Direct: 210-546-2122
Email: mick@mckamielaw.com
Fax: 210-546-2130
[COR LD NTC Retained]
Law Offices of William M. McKamie, P.C.
941 Proton Road
San Antonio, TX 78258

Bradford Eugene Bullock
Direct: 210-546-2122
Email: bradford@mckamielaw.com
Fax: 210-546-2130
[COR NTC Retained]
Law Offices of William M. McKamie, P.C.
941 Proton Road
San Antonio, TX 78258

MIKE COLLINS
      Defendant - Appellee

William Michael McKamie
Direct: 210-546-2122
[COR LD NTC Retained]
(see above)

Bradford Eugene Bullock
Direct: 210-546-2122
[COR NTC Retained]
(see above)

BOB FREEMAN
      Defendant - Appellee

William Michael McKamie
Direct: 210-546-2122
[COR LD NTC Retained]
(see above)

Bradford Eugene Bullock
Direct: 210-546-2122
[COR NTC Retained]
(see above)

CITY OF EULESS
      Defendant - Appellee

William Michael McKamie
Direct: 210-546-2122
[COR LD NTC Retained]
(see above)

Bradford Eugene Bullock
Direct: 210-546-2122
[COR NTC Retained]
(see above)

JOSE MERCED, President, Templo Yoruba Omo Orisha Texas Inc

     Plaintiff - Appellant

  v.

KURT KASSON; MIKE COLLINS; BOB FREEMAN; CITY OF EULESS

     Defendants - Appellees

—————————————

    Cons w/ 08-10506

—————————————

JOSE MERCED, President, Templo Yoruba Omo Orisha Texas Inc

     Plaintiff - Appellee

  v.

CITY OF EULESS

     Defendant - Appellant

| 04/22/2008 | ☐ ▦ <br> 16 pg, 919.15 KB | Civil rights case docketed. NOA filed by Appellant Jose Merced. [08-10358] (GLP) |
| 04/25/2008 | ☐ | Transcript order received on 4/23/08 from Appellant Jose Merced for Court Reporter Eileen M Brewer. Date of Hearing: 2/25/08 (Pre-trial Hearing), 2/26/08 (Pre-trial Hearing), 3/7/08 (Telephone Conference). [08-10358] Transcript Order ddl satisfied. Ct. Reporter Acknowledgment due on 5/12/08 for Eileen M Brewer. (MCS) |
| 05/06/2008 | ☐ | Transcript order acknowledgment received from Court Reporter Eileen M Brewer. Estimated pages: 65 Date Financial Arrangements Made: 4/22/08 [08-10358] Ct. Reporter Acknowledgment ddl satisfied. Transcript due on 5/23/08 for Eileen M Brewer. Ct. Reporter Discount Date is 6/23/08 for Eileen M Brewer. (MCS) |
| 05/08/2008 | ☐ | Appearance form filed by Eric Rassbach for Appellant Jose Merced. [08-10358] (No. of forms filed: 1) (SDH) |
| 05/08/2008 | ☐ | The attorney John Wheat Gibson for Jose Merced not participating in case. [08-10358] (SDH) |
| 05/08/2008 | ☐ | Appearance form filed by Lori Halstead Windham for Appellant Jose Merced. [08-10358] (No. of forms filed: 1) (SDH) |
| 05/15/2008 | ☐ | Appearance form filed by Hannah C Smith for Jose Merced. [08-10358] (No. of forms filed: 1) (SDH) |
| 05/23/2008 | ☐ | Transcript filed in district court by Court Reporter Eileen M Brewer on 05/20/08. [08-10358] Transcript ddl satisfied. Ct. Reporter Discount Date canceled. Notice of Certified ROA due on 6/4/08. (SEP) |
| 06/05/2008 | ☐ | Unopposed motion filed by Appellant Jose Merced to consolidate case 08-10506 with 08-10358 for purposes of briefing and OA. [6053301-1] Date of COS: 6/4/08 Sufficient [Y/N]: y [08-10358] "ALSO FILED IN 08-10506" (SDH) |
| 06/09/2008 | ☐ ▦ <br> 7 pg, 159.17 KB | CLERK Order filed granting unopposed motion to consolidate case [6053301-1] in 08-10358, granting unopposed motion to consolidate case [6053306-1] in 08-10506 Copies to all counsel. [08-10358, 08-10506] (SDH) |
| 06/17/2008 | ☐ | Request filed by USDC Clerk to extend time to certify the record on appeal until 6/24/08 [6051295-1] [08-10358] (MCS) |
| 06/17/2008 | ☐ ▦ <br> 2 pg, 61.42 KB | CLERK Order filed granting request filed by USDC Clerk to extend time to certify the Record on Appeal to and including 6/24/08 [6051295-1]. Notice of Certified ROA due on 6/24/08. Copies to all counsel. [08-10358] (MCS) |
| 06/23/2008 | ☐ | Notice received from District Court, ROA certified. Electronic Pleadings: y Electronic Transcripts: y Original Transcripts: y TYPE of Exhibits: appendix/exhibit #41 [08-10358] Certified ROA due ddl satisfied. (SDH) |
| 07/03/2008 | ☐ | Transcript order acknowledgment received from Court Reporter Eileen M Brewer in 08-10506. Estimated pages: 38 Date Financial Arrangements Made: 7/1/08 [08-10506, 08-10358] Ct. Reporter Acknowledgment ddl satisfied. Transcript due on 7/25/08 for Eileen M Brewer in 08-10506. Ct. Reporter Discount Date is 9/2/08 for Eileen M Brewer in 08-10506. (MCS) |
| 07/29/2008 | ☐ | Transcript filed in district court by Court Reporter Eileen M Brewer in 08-10506 on 7/28/08. [08-10506, 08-10358] Transcript ddl satisfied. Ct. Reporter Discount Date canceled. Notice of Certified ROA due on 8/12/08 in 08-10506. (MCS) |
| 08/13/2008 | ☐ | Notice received from District Court, Supplemental ROA certified. Electronic Transcripts: y [08-10358, 08-10506] Certified ROA due ddl satisfied. (SDH) |
| 08/15/2008 | ☐ ▦ <br> 3 pg, 15.42 KB | Briefing notice issued. [08-10358, 08-10506] A/Pet's Brief due on 9/24/08 for Jose Merced in 08-10358, for Jose Merced in 08-10506. (SDH) |
| 09/29/2008 | ☐ ▦ <br> 75 pg, 186.91 KB | Appellant's Brief filed by Appellant-Cross-Appellee Jose Merced in 08-10358, Appellant-Cross-Appellee Jose Merced in 08-10506. Disk Provided [Y/N]: y Sufficient [Y/N]: y [6124996-1] [08-10358, 08-10506] A/Pet's Brief ddl satisfied. E/Res's Brief due on 10/29/08 for Bob Freeman in 08-10358, for Mike Collins in 08-10358, for Kurt Kasson in 08-10358. XA/Pet Brief due on 10/29/08 for Euless, City of in 08-10358, for Euless, City of in 08-10506. (SDH) |
| 09/29/2008 | ☐ ▦ <br> 24 pg, 859.74 KB | Record excerpts filed by Appellant-Cross-Appellee Jose Merced in 08-10358, Appellant-Cross-Appellee Jose Merced in 08-10506. Disk Provided [Y/N]: y Sufficient [Y/N]: y [08-10358, 08-10506] (SDH) |
| 10/20/2008 | ☐ | Appearance form filed by Luke W Goodrich for Appellant-Cross-Appellee Jose Merced in 08-10358, Luke W Goodrich for Appellant-Cross-Appellee Jose Merced in 08-10506. [08-10358, 08-10506] (No. of forms filed: 1) (SDH) |
| 10/23/2008 | ☐ | Record on appeal filed. Exhibits: 1 box. [08-10358, 08-10506] (SDH) |
| 10/24/2008 | ☐ | Record on appeal filed. Vol(s) of Electronic Pleadings: 5 [08-10358, 08-10506] (RSM) |
| 10/24/2008 | ☐ | Supplemental record on appeal filed. Supplemental #: 1 Vol(s) of Electronic Pleadings: 4 . [08-10358, 08-10506] (RSM) |
| 10/24/2008 | ☐ | Supplemental record on appeal filed. Supplement #: 2 Vol(s) of Electronic Pleadings: 1 Vol(s) of Electronic Transcripts: 1 . [08-10358, 08-10506] (RSM) |
| 10/24/2008 | ☐ | The attorney William Andrew Messer for Euless, City of in 08-10358, attorney William Andrew Messer for Bob Freeman in 08-10358, attorney William Andrew Messer for Mike Collins in 08-10358, attorney William Andrew Messer for Kurt Kasson in 08-10358 not participating in case. [08-10358] (SDH) |
| 10/24/2008 | ☐ ▦ <br> 23 pg, 982.15 KB | Addendum to brief filed by Appellee Kurt Kasson in 08-10358, Appellee Mike Collins in 08-10358, Appellee Bob Freeman in 08-10358, Appellee-Cross-Appellant Euless, City of in 08-10358, Appellee-Cross-Appellant Euless, City of in 08-10506. No. of pages: 17. [08-10358, 08-10506] (SDH) |
| 10/24/2008 | ☐ ▦ <br> 73 pg, 1.7 MB | Cross Appellant's Brief filed by Appellee-Cross-Appellant Euless, City of in 08-10506, Appellee-Cross-Appellant Euless, City of in 08-10358. (ALSO FILED AS APPELLEE'S BRIEF FOR MIKE COLLINS, BOB FEEMAN, AND KURT KASSON in 08-10358) Disk Provided [Y/N]: y Sufficient [Y/N]: y [6148187-1] [08-10506, 08-10358] XA/Pet Brief ddl satisfied. XE/Res Brief due on 11/24/08 for Jose Merced in 08-10506, for Jose Merced in 08-10358. (SDH) |

56

| 10/27/2008 | ☐ | Appearance form filed by Bradford Eugene Bullock for Appellee-Cross-Appellant Euless, City of, Appellee Bob Freeman, Appellee Mike Collins, Appellee Kurt Kasson in 08-10358, Bradford Eugene Bullock for Appellee-Cross-Appellant Euless, City of in 08-10506. [08-10358, 08-10506] (No. of forms filed: 1) (SDH) |
| 10/27/2008 | ☐ | Appearance form filed by William Michael McKamie for Appellee-Cross-Appellant Euless, City of, Appellee Bob Freeman, Appellee Mike Collins, Appellee Kurt Kasson in 08-10358, William Michael McKamie for Appellee-Cross-Appellant Euless, City of in 08-10506. [08-10358, 08-10506] ( No. of forms filed: 1) (SDH) |
| 11/04/2008 | ☐ | Record on appeal released to attorney Eric Rassbach for Appellant-Cross-Appellee Jose Merced in 08-10358, Eric Rassbach for Appellant-Cross-Appellee Jose Merced in 08-10506. Volumes: 5 Supplemental Volumes: 6. [08-10358, 08-10506] (SDH) |
| 12/01/2008 | ☐ | Record on appeal returned to 5CCA. Volumes: 5 Supplemental Volumes: 6 [08-10358, 08-10506] (SDH) |
| 12/01/2008 | ☐ ▤ 69 pg, 179.81 KB | Cross Appellee's Brief filed by Appellant-Cross-Appellee Jose Merced in 08-10358, Appellant-Cross-Appellee Jose Merced in 08-10506. Disk Provided [Y/N]: y Sufficient [Y/N]: y [6168028-1] [08-10358, 08-10506] XE/Res Brief ddl satisfied. XA/Pet Reply Brief due on 12/15/08 for Euless, City of in 08-10358, for Euless, City of in 08-10506. (SDH) |
| 12/16/2008 | ☐ ▤ 8 pg, 153.91 KB | Cross Appellant's Reply Brief filed by Appellee-Cross-Appellant Euless, City of in 08-10358, Appellee-Cross-Appellant Euless, City of in 08-10506. Disk Provided [Y/N]: y Sufficient [Y/N]: y [6179577-1] [08-10358, 08-10506] XA/Pet Reply Brief ddl satisfied. (SDH) |
| 02/10/2009 | ☐ ▤ 1 pg, 9.31 KB | Case tentatively calendared for oral argument Week of: 03/30/09. [08-10358, 08-10506] (GAM) |
| 02/20/2009 | ☐ | CASE CALENDARED for oral argument on 04/01/2009 in New Orleans in the East Courtroom. [08-10358, 08-10506] (PFT) |
| 03/11/2009 | ☐ | Record Part: Exhibits, Comments: 1 Env (appendix to Rule 56 motion), Action Type: FILED [08-10358, 08-10506] (ALWAYS SEND WITH ROA) (SDH) |
| 03/30/2009 | ☐ ▤ 2 pg, 108.95 KB | SUPPLEMENTAL AUTHORITIES (FRAP 28j) FILED by Appellee Mr. Jose Merced in 08-10506, Appellant Mr. Jose Merced in 08-10358 [08-10506, 08-10358] (PFT) |
| 04/01/2009 | ☐ | ORAL ARGUMENT HEARD before Judges Barksdale, Dennis, Elrod. Arguing Person Information Updated for: Eric Rassbach arguing for Appellant Jose Merced; Arguing Person Information Updated for: Bradford Eugene Bullock arguing for Appellees Kurt Kasson, Mike Collins, Bob Freeman, and City of Euless [08-10358, 08-10506] (PFT) |
| 05/01/2009 | ☐ ▤ 2 pg, 103.19 KB | SUPPLEMENTAL AUTHORITIES (FRAP 28j) FILED by Appellee City of Euless in 08-10358 [08-10358, 08-10506] (MCS) |
| 06/24/2009 | ☐ ▤ 3 pg, 125.97 KB | SUPPLEMENTAL AUTHORITIES (FRAP 28j) FILED by Appellant Mr. Jose Merced in 08-10358 [08-10358, 08-10506] (SDH) |
| 07/31/2009 | ☐ ▤ 29 pg, 293.69 KB | PUBLISHED OPINION FILED. [08-10358 Affirmed in Part, Reversed in Part and Remanded, 08-10506 Affirmed in Part, Reversed in Part and Remanded.] Judge: RHB , Judge: JLD , Judge: JWE. Mandate pull date is 08/21/2009 [08-10358, 08-10506] (ARC) |
| 07/31/2009 | ☐ ▤ 1 pg, 44.48 KB | JUDGMENT ENTERED AND FILED. [08-10358] (ARC) |
| 07/31/2009 | ☐ ▤ 1 pg, 43.86 KB | JUDGMENT ENTERED AND FILED. [08-10506] (ARC) |
| 07/31/2009 | ☐ | COSTS TAXED AGAINST: City of Euless (Appellee in 08-10358 & Appellant in 08-10506) [08-10358, 08-10506] (ARC) |
| 08/14/2009 | ☐ ▤ 22 pg, 938.56 KB | PETITION filed by Appellees City of Euless, Mr. Mike Collins, Mr. Bob Freeman and Mr. Kurt Kasson in 08-10358, Appellant City of Euless for rehearing [6345966-2] Mandate pull date cancelled.. Date of Service: 08/13/2009. [08-10358, 08-10506] (SDH) |
| 08/14/2009 | ☐ ▤ 49 pg, 2.19 MB | PETITION filed by Appellees City of Euless, Mr. Mike Collins, Mr. Bob Freeman and Mr. Kurt Kasson in 08-10358, Appellant City of Euless in 08-10506 for rehearing en banc [6345970-2] Number of Copies:21.. Date of Service: 08/13/2009. [08-10358, 08-10506] (SDH) |
| 08/14/2009 | ☐ ▤ 1 pg, 73.95 KB | BILL OF COSTS filed by Appellant Mr. Jose Merced in 08-10358. [08-10358, 08-10506] (SDH) |
| 08/18/2009 | ☐ ▤ 1 pg, 67.09 KB | [08-10358, 08-10506] Attorney Marci Hamilton for Appellee City of Euless, Kiurt Kasson, Mike Collins, B&B Freeman. (Counsel is not a member of the Fifth Circuit Bar.) (MAS) |
| 08/18/2009 | ☐ ▤ 4 pg, 131.04 KB | UNOPPOSED MOTION filed by Appellant Mr. Jose Merced in 08-10358, Appellee Mr. Jose Merced in 08-10506 to file out of time Motion for Attorneys fees and costs [6347686-2]. Date of Service: 08/17/2009 [08-10358, 08-10506] (POK) |
| 08/20/2009 | ☐ | RESPONSE REQUESTED. The Court has requested a response to the petition for rehearing en banc filed by Appellees Mr. Bob Freeman, City of Euless, Mr. Kurt Kasson and Mr. Mike Collins in 08-10358 [6345970-2]Response/Opposition due on 08/31/2009. [08-10358, 08-10506] (POK) |
| 08/20/2009 | ☐ ▤ 2 pg, 78.85 KB | LETTER OF ADVISEMENT. Reason: requesting a response to the petition for rehearing en banc [08-10358, 08-10506] (POK) |
| 08/25/2009 | ☐ ▤ 143 pg, 4.56 MB | MOTION filed by Appellant Mr. Jose Merced in 08-10358, Appellee Mr. Jose Merced in 08-10506 for award of attorney fees and untaxed costs [6359667-2]. Date of Service: 08/14/2009 [08-10358, 08-10506] (POK) |
| 08/25/2009 | ☐ ▤ 3 pg, 115.17 KB | COURT ORDER granting motion to file motion for attorneys fees and costs out of time filed by Appellant Mr. Jose Merced, Appellee Mr. Jose Merced [6347686-2] Judge(s): JWE. [08-10358, 08-10506] (POK) |

| 08/28/2009 | ☐ ▤<br>38 pg, 1.26 MB | RESPONSE/OPPOSITION filed by City of Euless, Mr. Mike Collins, Mr. Bob Freeman and Mr. Kurt Kasson in 08-10358, City of Euless in 08-10506 [6359729-1] to the motion for award of attorney fees and untaxed costs filed by Appellant Mr. Jose Merced, Appellee Mr. Jose Merced in 08-10358,08-10506 [6359667-2] Date of Service: 08/27/2009 [08-10358, 08-10506] (POK) |
|---|---|---|
| 08/31/2009 | ☐ ▤<br>23 pg, 70.76 KB | RESPONSE/OPPOSITION filed by Mr. Jose Merced in 08-10358 [6355829-1] to the petition for rehearing en banc filed by Appellees Mr. Bob Freeman, City of Euless, Mr. Kurt Kasson and Mr. Mike Collins in 08-10358 [6345970-2]Response/Opposition deadline satisfied. Date of Service: 08/28/2009 [08-10358, 08-10506] (SDH) |
| 09/03/2009 | ☐ ▤<br>2 pg, 48.03 KB | REPLY filed by Appellant Mr. Jose Merced in 08-10358, Appellee Mr. Jose Merced in 08-10506 [6359734-1] to the response/opposition filed by Appellees Mr. Bob Freeman, City of Euless, Mr. Kurt Kasson and Mr. Mike Collins, Appellant City of Euless in 08-10358,08-10506 [6359729-2], to the motion for award of attorney fees and untaxed costs filed by Appellant Mr. Jose Merced, Appellee Mr. Jose Merced in 08-10358,08-10506 [6359667-2]. Date of Service: 09/02/2009 [08-10358, 08-10506] (POK) |
| 09/04/2009 | ☐ ▤<br>3 pg, 139.82 KB | COURT ORDER dismissing petition for rehearing en banc filed by Appellees Mr. Bob Freeman, City of Euless, Mr. Kurt Kasson and Mr. Mike Collins, Appellant City of Euless [6345970-2] Mandate pull date is 09/11/2009; dismissing petition for rehearing filed by Appellees Mr. Bob Freeman, City of Euless, Mr. Kurt Kasson and Mr. Mike Collins, Appellant City of Euless [6345966-2] Judge(s): JWE. [08-10358, 08-10506] (GRM) |
| 09/14/2009 | ☐ ▤<br>3 pg, 106.11 KB | COURT ORDER granting motion for award of attorney fees filed by Appellant Mr. Jose Merced. We remand to the district court for calculation of the amount of fees. [6359667-2] in 08-10358 Judge(s): RHB, JLD and JWE. [08-10358, 08-10506] (SDH) |
| 09/14/2009 | ☐ ▤<br>1 pg, 71.34 KB | MANDATE ISSUED. Mandate pull date satisfied. The Bill of Costs is issued with the mandate. [08-10358, 08-10506] (SDH) |

Clear All

⊙ **Documents and Docket Summary**
○ **Documents Only**

☑ **Include page numbers**

**Selected Pages:** 0    **Selected Size:** 0 KB    **(Max: 10 MB)**

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/29/2009 17:49:15 | | | |
| **PACER Login:** | bf0097 | **Client Code:** | |
| **Description:** | Docket Report (full) | **Search Criteria:** | 08-10358 |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| JOSE MERCED, PRESIDENT, TEMPLO YORUBA OMO ORIHSA TEXAS INC., | § § § § | |
| Plaintiff, | § § | Civil Action No. 4:06-cv-00891-A |
| v. | § § | |
| THE CITY OF EULESS, | § § | |
| Defendant. | § § § | |

## DECLARATION OF GENE C. SCHAERR

1.      My name is Gene C. Schaerr.  I am over the age of 18 and have personal knowledge of all of the contents of this declaration.

2.      I am a Partner with the law firm of Winston & Strawn, LLP ("Winston"), where I founded the Appellate and Critical Motions Practice Group in the firm's Washington, DC office.  Winston has twelve offices worldwide.

3.      Previously, I was a Partner with the law firm of Sidley, Austin, Brown & Wood, LLP ("Sidley"), where I was the Co-Chair of the firm's Religious Institutions Practice Group for approximately ten years.  Sidley has sixteen offices worldwide.

4.      I am familiar with the billing rates for attorneys at Winston, Sidley, and other firms with federal trial and appellate litigation expertise in Washington, DC.

5.      Winston and Sidley are unusual in having attorneys specialized in religious freedom law, in part because attorneys who specialize in this area are rare.  That expertise is unusual in part because religious freedom law involves especially complex constitutional

60

questions, mainly under the Free Speech, Free Exercise, and Establishment Clauses of the First

Amendment.

6.      In the course of more than a decade of practice in this area, I have participated in

briefing and/or oral argument as counsel to one of the parties in, among others, the following

religious freedom cases:

a.    *Hinrichs, et al* v. *Bosma* (7th Cir. 2006)

b.    *Madison* v. *Riter,* 355 F.3d 310 (4th Cir. 2003)

c.    *Charles* v. *Verhagen,* 348 F.3d 601 (7th Cir. 2003)

d.    *Fifth Avenue Presbyterian Church* v. *City of New York*, 293 F.3d 570 (2d Cir. 2002)

e.    *University of Great Falls* v. *NLRB*, 278 F.3d 1335 (D.C. Cir. 2002)

f.    *East Bay Asian Local Development Corp.* v. *California*, 24 Cal. 4th 693, 13 P.3d 1122 (Cal. 2000)

g.    *Lutheran Church* v. *FCC*, 154 F.3d 487 (D.C. Cir. 1998)

h.    *Nally* v. *Grace Community Church of the Valley*, 47 Cal. 3d 278, 763 P.2d 948 (Cal. 1988)

I have represented *amici curiae* in many religious freedom cases.  More information about my

educational and professional background may be found in my résumé, which is attached to this

Declaration.   All of the statements in my attached résumé are true and correct.

7.      Through my practice in the area of religious freedom law, I have become

familiar with the work of The Becket Fund for Religious Liberty and its attorneys.  I have

worked closely with Becket Fund attorneys on several matters, including *Gonzales* v. *O Centro*

*Espirita Beneficente Uniao Do Vegetal,* 126 S. Ct. 1211 (2006) (a RFRA case); *Cutter* v.

*Wilkinson,* 544 U.S. 709 (2005); *Civil Liberties for Urban Believers* v. *City of Chicago,* 342

F.3d 752 (7th Cir. 2003); *Madison* v. *Riter,* 355 F.3d 310 (4th Cir. 2003); and as co-counsel for

Christ Church New Jersey in a land-use dispute with Rockaway Township, New Jersey.  I also

61

know of the Becket Fund's work more generally, simply by participating in the community of religious freedom law practitioners, and by following recent developments in that area of law.

8.      From my knowledge and experience of this specialized area of law and its practitioners, and from my knowledge and experience of The Becket Fund and its attorneys in particular, I can attest to the place of The Becket Fund in that legal community.  In short, Becket Fund attorneys are very active and very highly regarded members of the relatively small community of practitioners specializing in religious freedom law.  They are especially well known for the breadth and depth of their knowledge of the law of the First Amendment; their unique expertise under the Religious Freedom Restoration Act (RFRA), state religious freedom restoration acts like the Texas Religious Freedom Restoration Act (TXRFRA), and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA); the quality of their written product, especially their briefs; and their capacity to transcend religious and partisan differences in the service of important, foundational principles of First Amendment law.  In my experience, this combination of traits is unique—and exceptionally effective in obtaining positive results for the firm's clients.

9.      Several Becket Fund attorneys have worked as associates at major law firms that are comparable to Sidley and Winston, in terms of the quality of associates the firms attract, the quality of training and extent of supervision that associates receive, and the sophistication and complexity of work required of associates.  Specifically, Eric Rassbach worked at Baker Botts in Houston, Hannah Smith worked with me at Sidley and then later at Williams & Connolly in Washington, DC, and Luke Goodrich is a former associate of mine at Winston.  Moreover, Becket Fund attorneys have enhanced value because of the quality of their federal judicial clerkships.  Mr. Rassbach clerked for Judge Lee Rosenthal in the Southern District of Texas,

Ms. Smith clerked for then-Judge Samuel Alito of the Third Circuit, Justice Clarence Thomas

of the United States Supreme Court, and later Justice Samuel Alito of the United States

Supreme Court, and Mr. Goodrich clerked for Judge Michael McConnell of the Tenth Circuit.

10.    Moreover, unlike other law firms that practice in the religious freedom area—

whether for-profit or non-profit—The Becket Fund is dedicated exclusively to this area of law,

so its attorneys are all the more specialized.  In short, I would describe The Becket Fund as the

leading "boutique" law firm in the United States specializing in religious freedom law, and

especially "substantial burden" statutes like RFRA, RLUIPA, and TXRFRA.   I do not know of

any other firm that has been involved in more work concerning these "substantial burden"

statutes than the Becket Fund.

11.    I have reviewed the declarations and billing records of The Becket Fund

attorneys in the above-captioned matter in support of Appellants' fee petition.  Based on my

experience in this area of the law—including dealing with attorneys of this seniority and caliber

at my own firm—it is my opinion that both the rates proposed by The Becket Fund, and the

hours spent on each task to achieve the level of quality for which The Becket Fund is known,

are eminently reasonable.

12.    In fact, their proposed billing rates are slightly lower than the rates Winston

would charge its clients for attorneys of comparable seniority and expertise.  A 1999 law school

graduate in DC with Mr. Rassbach's clerkship and other experience would be charged out

between $505 and $535 per hour.  The rate proposed in this case for Mr. Rassbach is $495 per

hour.  A 2001 law school graduate in DC with Ms. Smith's clerkship and other experience

would be charged out at $480 per hour.  The rate proposed in this case for Ms. Smith is $475.

A 2004 law school graduate in DC with Mr. Goodrich's clerkship and other experience would

be charged out at $380 per hour. The rate proposed in this case for Mr. Goodrich is $375. A 2005 law school graduate with Ms. Windham's experience would be charged out at $345 per hour in DC. The rate proposed here for Ms. Windham is $340. The following chart accurately summarizes this same information.

|  | Requested rate | Washington DC rate by year of graduation |
|---|---|---|
| Eric Rassbach (1999) | $495 | $505-535 |
| Hannah Smith (2001) | $475 | $480 |
| Luke Goodrich (2004) | $375 | $380 |
| Lori Windham (2005) | $340 | $345 |

I declare under penalty of perjury under the laws of the United States of America and of this Court that the foregoing is true and correct and that this Declaration was executed this 30th day of September 2009 at Washington, DC.

Gene C. Schaerr



**Related Legal Services**

Banking Litigation

Class Actions

Complex Commercial Litigation

Insurance Coverage

Product Liability

Professional Liability

Technology Litigation

Appellate and Critical Motions

ERISA Litigation

Patent Litigation

Trademark/Copyright Litigation

Antitrust Litigation

Automotive Industry

Pharmaceuticals and Medical
Devices

Higher Education

**Law School**

Yale
JD, 1985

**Bar Admissions**

District of Columbia

**Court Admissions**

USCA - 1st Circuit

USCA - 2nd Circuit

USCA - 3rd Circuit

USCA - 4th Circuit

USCA - 5th Circuit

USCA - 6th Circuit

USCA - 7th Circuit

USCA - 8th Circuit

USCA - 9th Circuit

USCA - 10th Circuit

USCA - 11th Circuit

USCA - D.C. Circuit

Federal Circuit Court of Appeals

Southern District of New York

U.S. Supreme Court

# Gene C. Schaerr, Partner

*Washington, DC Office*
+1 (202) 282-5845
gschaerr@winston.com

Gene Schaerr is a litigation partner in the firm's Washington, D.C. office and chair of the firm's nationwide appellate and critical motions practice. He focuses his practice on appellate proceedings of all kinds; on the preparation of high-risk cases for an eventual appeal; and on motions that may prove critical to the outcome of a case at the trial court or agency level.

Mr. Schaerr has handled more than 100 cases in federal and state appellate courts, including cases before the Supreme Courts (or equivalent) of the United States, California, Illinois, West Virginia, Maryland, Oklahoma, Washington, and Washington, D.C.; the intermediate appellate courts of New York, California, and Illinois; and every federal circuit court. He has handled numerous appeals challenging or defending decisions of trial courts as well as federal regulatory agencies. He has personally argued six cases before the United States Supreme Court and dozens of cases before federal courts of appeal and state appellate courts.

He also has extensive experience handling critical motions and strategic issues in trial courts across the country. For example, he has represented pharmaceutical and automotive industry clients in numerous major class action, product liability, and patent cases in which he has had responsibility for developing and executing the client's strategy on class certification; Daubert and Lone Pine issues; punitive damages defense; dismissal, summary judgment, and directed verdict motions; jury instructions; and preparing high-exposure cases for eventual appeal. Substantively, he has extensive experience with patent law, product liability law, breach of warranty, class certification, product disparagement, preemption, First Amendment law, and most other areas of federal constitutional law. He also has extensive experience in federal administrative law and practice.

Mr. Schaerr served as a law clerk to United States Supreme Court Chief Justice Warren E. Burger and Justice Antonin Scalia. He also served as a law clerk to the Hon. Kenneth W. Starr of the U.S. Court of Appeals for the D.C. Circuit. In addition, he served for two years as associate counsel to the President of the United States.

Mr. Schaerr's representative clients include the Alliance of Automobile Manufacturers, AT&T Corp., Bayer Corporation, Exxon U.S.A., Inc., the Financial Services Roundtable, Honda North America, Hyundai Motors, the National Association of Manufacturers, Mobil Oil Co., the Pharmaceutical Research and Manufacturers Association, Suzuki Motor Corp., and U.S. Senators Orrin Hatch and Ted Kennedy.

### Honors and Awards

Mr. Schaerr was recognized as a Washington, D.C. Super Lawyer for his appellate practice in 2007 and 2008. In 2009, he was named in *Best Lawyers in America* in the specialty of appellate law.

### Activities

Mr. Schaerr is chair of the firmwide appellate, critical motions, and constitutional litigation practice.

Charlotte   Chicago   Geneva   Hong Kong   London   Los Angeles   Moscow   New York   Newark   Paris   San Francisco   Washington D.C.

WINSTON
&STRAWN
LLP

### Clerkships

Antonin Scalia, U.S. Supreme
Court (1986 - 1987)

Warren E. Burger, U.S. Supreme
Court (1986 - 1987)

Kenneth W. Starr, USCA - D.C.
Circuit (1985 - 1986)

### Education

Mr. Schaerr received a B.A. from Brigham Young University in 1981. He received a J.D in 1985, an M.A. (economics) in 1985, and an M.Phil. (economics) in 1986 from Yale University.

### Speeches and Publications

Some of Mr. Schaerr's recent speeches and publications include "Litigating Punitive Damage Claims After *State Farm v. Campbell,*" presented at the Food and Drug Law Institute in January 2005; "Religious Institutions and Public Benefits: How Far Can The Government Go?" presented at the National Association of College and University Attorneys in Vancouver in June 2004; "Policy Issues Posed By Consumer Class Actions," National Association of Manufacturers' Conference on Class Action Reform, July 2002; "How to Reduce Your Company's Exposure to Punitive Damages," IHOKEN (Corporate Lawyers Association of the Japanese Pharmaceutical Industry), Tokyo and Osaka, Japan, December 2002 (lecture published in *Legal Mind*); "Coordination and Appellate Strategies in Mass Injury Litigation," IHOKEN, Tokyo and Osaka, Japan, December 2001 (lecture published at 216 *Legal Mind* 51-56, April 2002); "U.S. Product Liability Law: Topics of Interest for Japanese Pharmaceutical Manufacturers," IHOKEN, Tokyo, Japan, November 1995 (lecture published at 143 *Legal Mind* 91-114, February 1996); and author, "Rescuing Multidistrict Litigation from the Altar of Expediency," 1997 *B.Y.U. L. J.* 821 (1997) (with Carter Phillips and Anil Abraham).

Charlotte   Chicago   Geneva   Hong Kong   London   Los Angeles   Moscow   New York   Newark   Paris   San Francisco   Washington D.C.

WINSTON
& STRAWN
LLP



Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE MERCED, PRESIDENT, TEMPLO YORUBA OMO ORIHSA TEXAS INC., | § § § § | |
| Plaintiff, | § § | Civil Action No. 4:06-cv-00891-A |
| v. | § § | |
| THE CITY OF EULESS, | § § | |
| Defendant. | § § § | |

## DECLARATION ERIC C. RASSBACH

1.     My name is Eric Christopher Rassbach.  I am over the age of 18 and have personal knowledge of all of the contents of this declaration.

2.     I am one of the attorneys representing Plaintiff-Appellant José Merced in the above-captioned litigation, and I make this declaration in support of Plaintiff-Appellant's application for an award of attorneys' fees and expenses pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 110.005(a).

3.     Plaintiff-Appellant seeks reimbursement of $101,103.75 in fees for 204.25 hours of work expended by me at the rate of $495.00 per hour.  Exhibit B to Plaintiff-Appellant's Memorandum accurately details the tasks and amount of time I spent representing the Plaintiff-Appellant for the appellate litigation in this case.

### Qualifications and Expertise

4.     I am a member of the Bar of Texas and the Bar of the District of Columbia.  I am also admitted to practice before the following courts:  the Supreme Court of the United States, the United States Court of Appeals for the First, Second, Third, Fifth Eighth, Ninth,

Tenth, and Eleventh Circuits, the U.S. District Court for the District of Columbia, the U.S District Court for Eastern District of Texas, and the U.S. District Court for the District of Colorado.

5.     I am the National Litigation Director for The Becket Fund for Religious Liberty ("The Becket Fund"). The Becket Fund is a non-profit, public interest law firm founded in 1994 to protect the free expression of all religious traditions. Accordingly, The Becket Fund's legal practice is focused exclusively on religious liberty law, primarily under the First Amendment and various federal and state statutes.

6.     I have worked as an attorney at The Becket Fund for more than five years and have been National Litigation Director for two years. During this time, I have participated actively in nearly all of The Becket Fund's litigation activities, and at all stages of litigation – complaint, discovery (oral and written), and trial and appellate briefing and oral argument. I have represented and currently represent clients from a variety of religious backgrounds in litigation relating to the free exercise of religion.

7.     The Becket Fund also encourages its attorneys to participate in academic work in the area of religious liberty law. Accordingly, I have contributed to the ABA publication *Guide to Representing Religious Organizations*.

8.     As detailed in my attached résumé, before my employment with The Becket Fund, I was for three years an associate attorney at Baker Botts, LLP in Houston, Texas. I clerked for Judge Lee H. Rosenthal in the U.S. District Court for the Southern District of Texas, and I hold a J.D. from Harvard Law School.

9.     The statements in my attached résumé are true and correct.

68

**Circumstances of this Case**

10.    The Becket Fund was retained by the Plaintiff-Appellant in April 2008 after the district court found against the Plaintiff-Appellant on all claims.  Because Plaintiff-Appellant informed me that he could not afford to pay legal fees, The Becket Fund agreed to represent him invoicing for expenses only, subject to the availability of fees and expenses under TEX. CIV. PRAC. & REM. CODE ANN. § 110.005(a) and similar statutes.   We did not have any prior attorney-client relationship with Plaintiff-Appellant prior to April 2008.

11.    As Litigation Director, I play a supervisory role in what cases the Becket Fund takes on.  The Becket Fund receives hundreds of requests for assistance in religious liberty cases each year, but because of time constraints, attorneys at the Becket Fund can provide assistance in only a small fraction of those cases.  Throughout the pursuit of this appeal, attorneys at the Becket Fund have been working at maximum capacity.  Thus, because of the time necessary to prosecute this appeal, I and other attorneys at the Becket Fund were forced to turn down other religious liberty cases that we would otherwise have taken.

12.    Because of the unpopular nature of Santeria animal sacrifice, the Becket Fund has received some negative attention by taking on this appeal.  For example, this case and the Becket Fund have been the target of hostile blog posts and email from animal rights activists, and some have criticized the Becket Fund for allegedly arguing for too much protection for religious liberty.

13.    As Litigation Director of The Becket Fund, I reviewed the hours submitted by all the lawyers on this case and exercised "billing judgment" to remove hours I deemed "excessive, redundant, or otherwise unnecessary" as required by *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983).

69

14.    The Becket Fund also arranged for much of the research and other time-consuming work in this appeal to be performed by unpaid summer associates still in law school. The Becket Fund is not seeking fees for this work.

15.    During the course of the appellate phase of this litigation, Becket Fund lawyers incurred out-of-pocket expenses, taxable in the amount of $1,976.27, detailed in Exhibit C to Plaintiff-Appellant's Memorandum.   The expenses listed in Exhibit C are a true and accurate reflection of the costs The Becket Fund incurred in litigating this appeal.  All of these expenses have been charged to Mr. Merced.

16.    As Litigation Director, I required all attorneys at the Becket Fund to maintain reliable records of hours (in .25 hour increments) they spent on this appeal.  I used these records to prepare Exhibits A and B to Plaintiff-Appellant's Memorandum.  Based on my experience with litigation in other First Amendment-related cases, the hours spent by the Becket Fund attorneys on this appeal are appropriate for a case of this complexity.

17.    I declare that the information submitted in Exhibits A-L to Plaintiff-Appellant's Memorandum is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this 29th day of September, 2009.


_____
Eric C. Rassbach

# Eric Rassbach

National Litigation Director
The Becket Fund for Religious Liberty

Contact:    The Becket Fund for Religious Liberty
            1350 Connecticut Ave. NW, Suite 605
            Washington, D.C. 20036
            202.955.0095
            erassbach@becketfund.org

## Professional Experience

The Becket Fund for Religious Liberty, National Litigation Director since 2007.

> Manage non-profit law firm's domestic litigation practice of 6 attorneys and an average caseload of approximately 40 cases. Prosecute trial and appellate litigation in both federal and state courts. Clients have included Buddhists, Christians, Hindus, Jews, Muslims, Santeros, and Sikhs. Provide advice to state and local governments regarding religious liberty matters. Litigate cases in the European Court of Human Rights in Strasbourg, France.

> Recognized national expert in RLUIPA and RFRA litigation, with respect to both land use and prisoner provisions of RLUIPA. Participated as counsel or consulting counsel in 3 of the 4 RLUIPA cases to go to trial to date. Prepared RLUIPA continuing legal education materials. Co-author of RLUIPA chapter in forthcoming ABA publication *Guide to Representing Religious Organizations.* Invited to provide comments on RLUIPA litigation to the United States Commission on Civil Rights. Involved as counsel or consulting counsel in over 100 RLUIPA matters.

> Invited speaker on religious liberty law at conferences and other events around the country. Testimony to the United States Helsinki Commission regarding human rights situation in Azerbaijan.

The Becket Fund for Religious Liberty, Legal Counsel, 2004-2007.

Baker Botts LLP, Houston, Texas. Associate, 2000-2003.

> Global Projects Group. Specialized in project-financed international infrastructure transactions, wind energy developments. Primary drafter of Baku-Tbilisi-Ceyhan Pipeline project documents.

Hon. Lee H. Rosenthal, United States District Judge, (S.D. Tex.), Law Clerk, 1999-2000.

## Education

Harvard Law School, J.D., 1999.

> *Harvard International Law Journal*
> *Harvard Human Rights Journal*